Joe **BRUNO**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 15992.

United States Court of Appeals Ninth Circuit.

Sept. 15, 1958.

Jerome L. Goldberg, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Thomas R. Sheridan, Lloyd F. Dunn, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before DENMAN, FEE and HAMLIN, Circuit Judges.

DENMAN, Circuit Judge.

Bruno appeals from the verdict in a jury trial case convicting him of four unlawful sales and facilitating the sales of narcotics in violation of 21 U.S.C.A. § 174 for which he was sentenced to 16 years imprisonment on each count, to run concurrently. He contends (a) that the Court erroneously refused certain instructions; (b) that the statutory pre-sumption of knowledge of importation by possessing narcotics is not valid in the case; and (c) that he was entrapped into making the sales by the Government's agents.

The facts are not in dispute. On four separate occasions during October and November, 1957, one Velasquez, a deputy sheriff of Los Angeles County, posing as a narcotics peddler, sought and obtained heroin from the appellant. On each occasion Velasquez received the heroin directly from the appellant and paid the appellant in cash. The sole testimony regarding these transactions was that of Velasquez and of several Government agents who had observed the negotiations from a distance. Appellant neither testified himself nor offered any evidence in his own behalf.

The ground of the District Court's refusal of the requested instruction is that they were not submitted at "the opening of the trial", the Court so interpreting Rule 14 of that Court, West's Ann.Code, requiring them to be "presented to the court in duplicate as soon as possible *after* the opening of the trial." [Emphasis added.] They were not presented until some time prior to the testimony of the final witness. We think the Court erred in its refusal. The situation is now controlled by F.R.Crim. P. 30, 18 U.S.C.A., permitting parties to file requests for instructions *"at the close of the evidence or at such earlier time during the trial as the court reasonably directs."* [Emphasis added.]

We think that Bruno reasonably delayed in submitting his requested instructions until he could know, from the Government's case-in-chief, whether his theory of defense would have some support in the evidence. In any event F.R. Crim.P. 52(b) requires our consideration of Bruno's contention that it was plain error to refuse to consider the instructions.[1]

1. "Rule 52(b) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The rule states the prior holdings in

Wiborg v. United States, 163 U.S. 632, 638, 16 S.Ct. 1127, 1197, 41 L.Ed. 289. Crawford v. United States, 212 U.S. 183, 194, 29 S.Ct. 260, 53 L.Ed. 465; Weems v. United States, 217 U.S. 349,

The requested instructions are:

"If you believe that Ray Velasquez asked defendant Bruno to get some narcotics for him, and thereupon defendant Bruno undertook to act in the behalf of the prospective purchaser, Velasquez, and in so doing purchased the drugs from a third person with whom he was not associated in selling, and thereafter delivered them to Velasquez, defendant Bruno did not act in the capacity of a seller and cannot be convicted under this indictment.

"Conversely, if defendant Bruno acted as an agent of purchaser Velasquez, you must return a verdict of not guilty. An agent is one who represents another in dealings with a third person." [Tr. p. 216.]

█ However, the instruction itself is not warranted by the evidence. Bruno contends that he was the mere selling agent for somebody else and hence he himself did not "sell" the drugs, relying on Adams v. United States, 5 Cir., 220 F.2d 297 and United States v. Moses, 3 Cir., 220 F.2d 166, in neither of which was considered the facilitating of a sale under 21 U.S.C.A. § 174.

The evidence shows that Bruno received some of the drugs from another person but there is no evidence that he received them as agent and not as a purchaser who then sold them as owner. That it was the latter is supported by the facts that Bruno on two occasions reduced the sale price of the narcotics on his own authority and on another occasion indicated to Velasquez the quality of the drugs which would be available the following week.

█ In any event Bruno facilitated the sale of the drugs. In Pon Wing Quong v. United States, 9 Cir., 111 F.2d 751, 756 in upholding the conviction of Quong we decided that the word "facilitates" of 21 U.S.C.A. § 174 "in any manner facilitates a sale" has "the common and ordinary definition as expressed by a standard dictionary. Quoting from Webster's Unabridged Dictionary, 'facilitate' is defined as follows: 'To make easy or less difficult; to free from difficulty or impediment; as to facilitate the execution of a task.'" This definition is accepted and followed in the Tenth Circuit in United States v. One 1950 Chevrolet 4-Door Sedan, 215 F.2d 482, 484. Cf. Black's Law Dictionary 4 Ed. p. 705.

This view is supported by the fact that 21 U.S.C.A. § 174 punishes anyone who (a) "buys, sells" or "in any manner facilitates the * * * sale." The uncontradicted evidence that Bruno delivered to Velasquez the heroin and received the payments therefor, shows facilitation of the sales. There is no error in denying the giving of the instructions.

█ Bruno moved for a judgment of acquittal on the ground that the statutory presumption of 21 U.S.C.A. § 174 is inapplicable in his case. The presumption reads:

"Whenever on trial for a violation of this subsection the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

█ The motion was made at the close of the Government's case and the Government contends that the motion could not be considered by the District Court because not renewed at the close of the taking of evidence. In any event the motion should be considered under F.R. Crim.P. 52(b).

There is no merit in the motion. Bruno gave no evidence whatsoever and

362, 30 S.Ct. 544, 54 L.Ed. 793; Mahler v. Eby, 264 U.S. 32, 45, 44 S.Ct. 283, 68 L.Ed. 549; Brasfield v. United States, 272 U.S. 448, 450, 47 S.Ct. 135, 71 L.Ed. 345; United Brotherhood of Carpenters v. United States, 330 U.S. 395, 411, 67 S.Ct.

775, 91 L.Ed. 973. It was followed in this Court in Jackins v. United States, 9 Cir., 231 F.2d 405, 407, and Hatchett v. Government of Guam, 9 Cir., 212 F.2d 767, 772.

no one testified that the drug was not imported nor was any witness sought by Bruno and not produced as in Roviaro v. United States, 353 U.S. 53, 63, 77 S.Ct. 623, 1 L.Ed.2d 639, holding the presumption otherwise valid. It previously was held valid in Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 and in this circuit in Hooper v. United States, 9 Cir., 16 F.2d 868, 870; Stoppelli v. United States, 9 Cir., 183 F.2d 391.

■ Bruno finally contends that he was entrapped into selling and facilitating the sale of the heroin by the Government's officials. On this the testimony is uncontradicted that Bruno approached Velasquez, a Government agent in a car with other persons, because he was told by Collins, another dealer in the drug, that the agent desired to purchase some. Bruno opened the conversation stating: "How much do you guys want to pick up?" Velasquez said he wanted an ounce. Appellant replied, "Well, I could probably get you an ounce but it would take some time. I have some grams that I can sell you for $20 apiece." These were bought by Velasquez. As described in Velasquez' undisputed testimony, the offer and purchase in three other meetings followed the same pattern; Velasquez at no time had to urge appellant to get heroin for him, nor did appellant ever display any unwillingness to do so.

■ The Supreme Court has considered the defense of entrapment in two recent cases, Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 821, 2 L.Ed.2d 848, and Masciale v. United States, 1958, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859. Justice Warren, speaking for the majority in Sherman, reiterated the rule of Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, stating that:

> " * * * the fact that government agents 'merely afford opportunities or facilities for the commission of the offense does not' constitute entrapment. Entrapment occurs only when the criminal conduct was 'the product of the *creative* activity' of law enforcement officials."

The Court well could have instructed the jury that Bruno was not at any time entrapped. There was no error in the form of the instruction actually given and the verdict of guilty on the four counts is valid.

The judgment is affirmed.