Kenneth **WILLIS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15607.

United States Court of Appeals
District of Columbia Circuit.

Argued June 22, 1960.

Decided June 30, 1960.

---

664

Mr. Morton Liftin, Washington, D. C. (appointed by this court), for appellant.

Mr. Lewis Carroll, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Mr. Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and WASHINGTON and DANAHER, Circuit Judges.

PRETTYMAN, Chief Judge.

 Appellant Willis was indicted for the illegal sale of narcotics.[1] Prior to trial his attorney (court-appointed) filed a motion for a mental examination to ascertain his competency to stand trial and his mental condition at the time of the alleged offense. The motion was unopposed. Willis was ordered committed to D. C. General Hospital for examination, but the order referred only to mental competency to stand trial. Six weeks later the hospital certified Willis "to be of sound mind, capable of understanding the charges against him, and able to assist counsel in his own defense." He was thereupon tried by a jury, found guilty as indicted, and sentenced. The defense

1. Int.Rev.Code of 1954, §§ 4704(a), 4705(a), 26 U.S.C. §§ 4704(a), 4705(a); and 21 U.S.C.A. § 174.

of insanity was not raised or even mentioned at trial.

 Willis argues here that under Winn v. United States[2] the District Court committed reversible error when it failed to order a psychiatric examination with respect to his mental condition at the time of the alleged offense. We cannot agree with that contention. In the first place, by failing to record any objection to the obvious limits of the pre-trial order, he must be deemed to have waived the point. Moreover, since the defense of insanity was not raised at trial, the error, if any, was harmless. Willis contends that he did not raise the issue of insanity because the restricted psychiatric examination ordered and the fact of his indigency combined to foreclose any possible bases for such a defense. This contention is without merit. The defense of insanity can be raised without any expense on the part of an indigent accused. The District Court is empowered to issue subpoenas on behalf of indigent defendants.[3] In such event the witnesses are paid as if subpoenaed on behalf of the Government. Lay witnesses, as well as psychiatrists from St. Elizabeths and D. C. General, might have been so subpoenaed in the present case. The psychiatrists at both hospitals, as Willis and his family well knew, were acquainted with him. Willis himself took the stand; he could have recited facts which would have posed the issue. It seems clear that nothing precluded him from raising the defense of insanity. He did not raise it.

 Willis advances a separate argument predicated on the fact that each of the three counts of the indictment related to a "sale" of narcotics. Whereas the pertinent statutory provisions are phrased in the disjunctive—"sell, dispense, or distribute", "sell, barter, exchange, or give away", "facilitates * * concealment, or sale"[4]—the indictment is phrased in the conjunctive—"sell, barter, exchange and give away", "purchased, sold, dispensed and distributed", "facilitated the concealment and sale". Willis—certainly incorrectly as to the last count[5]—asserts that the Government must prove a sale in connection with each count so phrased. At a minimum we think the evidence shows Willis guilty of facilitating a sale in violation of 21 U.S.C.A. § 174. The circumstances were that a police officer, working undercover and "posing as a buyer of narcotics", met Willis, and Willis asked him if he wanted to buy any drugs. The officer said he wanted about five capsules of heroin. Willis replied that "he would get them for me if I would give him a capsule of heroin. So, I gave him $7.50 of government advance funds but $1.50 for himself, a total of $9.00." Pursuant to this agreement Willis gave to the officer a wrapper with heroin in it. We think these facts unequivocally make out a sale, if not between Willis and the officer, at least between the officer and an undisclosed party. The approach was by the seller. There was a contract between two parties, by which one, in consideration of the payment of a certain price, transferred the title and possession of property to another. This is within the classic definition of a sales transaction[6] and is sufficient to sustain Willis's conviction under 21 U.S.C.A. § 174 for facilitating a sale.

Finally it is argued by appellant that the failure to instruct the jury as to the elements of a sale constituted error. He cites Kelley v. United States[7] to this proposition. We think that case is inapposite. Kelley had been acquitted under the facilitation count and, if deemed an agent of the purchaser rather than the

---

2. 106 U.S.App.D.C. 133, 270 F.2d 326 (D.C.Cir. 1959).

3. Fed.R.Crim.P. 17(b), 18 U.S.C.

4. Supra note 1.

5. Greene v. United States, 105 U.S.App. D.C. 334, 266 F.2d 932 (D.C.Cir. 1959).

6. See Butler v. Thomson, 92 U.S. 412, 414, 23 L.Ed. 684 (1875); 2 Blackstone, Commentaries * 446.

7. 107 U.S.App.D.C. 122, 275 F.2d 10 (D.C.Cir. 1960).

seller, would have also been acquitted under 26 U.S.C. § 4705(a) (1958), thereby becoming entitled to a lesser penalty than given. But here guilty verdicts were returned on both the § 174 and § 4705(a) counts, and the sentences are concurrent. Moreover, in Kelley the officer approached the accused and asked him to purchase narcotics for him (the officer). The opposite is the case here. The more nearly a transaction resembles the classic concept and common understanding of what is a sale, the less likely will failure to give such an instruction be reversible error. Here, also unlike Kelley, there was no request for the instruction nor any later objection to the trial court's failure so to instruct. We have reviewed the court's entire charge and find no plain error affecting substantial rights.

The judgment of the District Court is Affirmed.