UNITED STATES of America
v.
Joseph A. SOMOHANO, Jr.
Cr. 10228.

United States District Court
D. Connecticut.
Jan. 6, 1961.

**202**

Harry W. Hultgren, Jr., Hartford, Conn., U. S. Atty., Hadley Austin, New Haven, Conn., Asst. U. S. Atty., for the United States.

Gary R. Ginsberg, West Haven, Conn., for defendant Somohano.

TIMBERS, District Judge.

Defendant Joseph A. Somohano, Jr., at the close of all the evidence, moved for a

1. Perez, Rosa and Somohano were indicted in Criminal No. 10,206 on the same counts as are charged in the indictment in the instant case, Criminal No. 10,-228; Santana, together with Perez, Rosa and Somohano, were named as conspira-

judgment of acquittal pursuant to Rule 29(b), Fed.R.Crim.P., 18 U.S.C. The Court reserved decision on the motion and submitted the case to the jury which convicted Somohano on counts one and three but acquitted him on count two. The Court grants Somohano's motion for a judgment of acquittal on count one and denies the motion as to count three.

*The Indictment*

The indictment, in three counts, charged defendants Somohano and Antonio Rosa, Jr., with violations of the Federal narcotics laws.

Count one charged both defendants, in violation of 21 U.S.C. § 174, with having knowingly sold and facilitated the sale and transportation of heroin which they knew had been brought into the United States contrary to law.

Count two charged both defendants, in violation of 26 U.S.C. § 4704(a), with having sold heroin not in or from the original stamped package.

Count three charged both defendants with having conspired to commit the substantive crimes charged in counts one and two. Count three also set forth five overt acts which defendants Somohano and Rosa are alleged to have committed in conspiracy with one Israel Perez and one Angel Santana. Perez and Santana were named as conspirators but not as defendants in this indictment.[1]

*Defendants' Pleas And Jury's Verdict*

Prior to trial, Rosa pleaded guilty to count two. The government thereupon nolled counts one and three as against Rosa.

Somohano pleaded not guilty and alone stood trial on the three counts of the indictment.

The Court expressed doubt at the close of the evidence as to its sufficiency to sustain a conviction against Somohano on all counts.

tors in No. 10,206. After Perez pleaded guilty to the second count, charging a violation of 26 U.S.C. § 4704(a), in No. 10,206, the government dismissed that indictment.

The jury's acquittal of Somohano on count two confirms the Court's doubt with respect to the sufficiency of the evidence against him on that count.

*Somohano's Motion For Judgment Of Acquittal On Count One*

■ With respect to count one, after a review of the evidence and after consideration of the arguments by counsel for the government and for Somohano, the Court holds that the evidence is not sufficient to sustain the conviction on that count.

The evidence against Somohano on count one, viewed in the light most favorable to the government, boils down to this: Somohano, at the request of an undercover Federal narcotics agent, gave the latter the name of Rosa as a person from whom heroin might be obtained; and, a week later, Somohano accepted $10 from the narcotics agent for having referred the agent to Rosa. That is the evidence against Somohano on count one.

There was no evidence that Somohano at any time had any narcotics in his possession; nor that he sold or facilitated the sale of narcotics; nor that he knew that the narcotics obtained by the narcotics agent from Rosa had been brought into the United States contrary to law.[2]

In order to sustain the conviction of Somohano on count one, it would be necessary (i) to infer from the fact that he referred the narcotics agent to Rosa, that Somohano knew Rosa had narcotics in his possession; (ii) to infer from the fact, thus established by inference, of Rosa's possession of narcotics, that they were brought into the United States contrary to law; (iii) further to infer from the fact of Rosa's possession of narcotics, that Rosa knew they were brought into the United States contrary to law; and (iv) to impute to Somohano the knowledge already imputed to Rosa of the illegal importation of narcotics from Rosa's possession of them, which possession had been established only by inference.

To sustain a conviction based upon such pyramiding of inferences certainly would not be consistent with the essential standards of fairness which are deeply rooted in our criminal law; in the view of this Court, it would make a mockery of criminal justice. Gallegos v. United States, 10 Cir., 1956, 237 F.2d 694, 697. Nor was there sufficient evidence of collaboration or association between Somohano and Rosa to sustain a conviction of Somohano under the aider and abettor statute (18 U.S.C. § 2) as a guilty participant in Rosa's sale of narcotics. United States v. Moses, 3 Cir., 1955, 220 F.2d 166; cf. United States v. Santore, 2 Cir., 290 F.2d 51, certiorari denied 81 S.Ct. 749, 752.

The Court grants the motion of defendant Somohano for a judgment of acquittal on count one.

2. The evidence against Somohano indicates that he acted at the behest of the buyer, rather than of the seller, of the narcotics; but he was indicted for his alleged participation in the sale, not the purchase, of narcotics. Somohano's role is very close to that of the defendant in United States v. Moses, 3 Cir., 1955, 220 F.2d 166, 168:

"The government has chosen to indict Marie Moses for her connection with the crime of selling rather than for any connection with buying. The conviction must stand, if at all, on her relation to the seller and his illicit enterprise. Any relation to the buyer actually militates against conviction of the charged offense of criminal complicity in selling.

"The undisputed facts show the appellant acting solely at the behest of the prospective buyers and in their interest. At the buyers' request she did two things to facilitate their purchase. She introduced them to the seller and she vouched for their *bona fides*, if purchasers of contraband drugs can be so characterized. That is all that was proved. There was nothing to show that she was associated in any way with the enterprise of the seller or that she had any personal or financial interest in bringing trade to him. Although appellant's conduct was prefatory to the sale, it was not collaborative with the seller. For this reason the conviction cannot be sustained."

Cf. Casey v. United States, 1928, 276 U.S. 413, 417, 48 S.Ct. 373, 72 L.Ed. 632.

### Somohano's Motion For Judgment Of Acquittal On Count Three

■■ Count three charged that defendants Somohano and Rosa *"conspired to commit a violation of Title 21, United States Code, Section 174 and conspired to commit a violation of Title 26, United States Code, Section 4704(a)"* (emphasis added). If this count were to be construed as charging two separate conspiracies—one to commit the substantive crime charged in count one and another to commit the substantive crime charged in count two—then the Court would hold that the evidence is not sufficient to sustain the conviction on that part of count three which charges a conspiracy to violate 21 U.S.C. § 174, since there is no evidence that defendants *knowingly* sold or facilitated the sale and transportation of narcotics, nor is there evidence that they *knew* that the narcotics were brought into the United States contrary to law.

Still on the assumption that count three charges two separate conspiracies, the Court would hold (leaving aside, for present purposes, the question as to whether the count is duplicitous) that the evidence is sufficient to sustain the conviction on that part of count three which charges a conspiracy to violate 26 U.S.C. § 4704(a), since proof of knowledge that the narcotics were not in or from the original stamped package is not required to establish a violation of this statute and there was some evidence that the narcotics here involved were not in or from the original stamped package. Moreover, in the words of Mr. Justice Holmes, referring to the presumption of a violation of this statute by reason of the absence of stamps from narcotic drugs, "it safely may be inferred that he did not proclaim his illegal purpose by putting stamps upon the towels." Casey v. United States, 1928, 276 U.S. 413, 417, 48 S.Ct. 373, 72 L.Ed. 632. To sustain a conviction of conspiring to commit a crime is not inconsistent with a verdict of not guilty of committing the substantive crime. United States v. Winters, 2 Cir., 1946, 158 F.2d 674.

For purposes of the instant motion, however, the Court construes count three to charge, not two separate conspiracies, but one general conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371; count three therefore is not duplicitous. Braverman v. United States, 1942, 317 U.S. 49, 63 S. Ct. 99, 87 L.Ed. 23; Carrado v. United States, 1953, 93 U.S.App.D.C. 183, 210 F. 2d 712, 716–717, certiorari denied Williams v. United States, 1954, 347 U.S. 1018, 74 S.Ct. 874, 98 L.Ed. 1140; United States v. Bachman, D.C.D.C.1958, 164 F.Supp. 898, 900–901.

Since there is sufficient evidence to sustain the conviction on count three, thus construed, the Court denies the motion of defendant Somohano for a judgment of acquittal on count three.

### Exercise Of Trial Court's Discretion In Attempting To Impose Consistent Sentences

■ Aside from the insufficiency of the evidence to sustain a conviction of Somohano for violating 21 U.S.C. § 174 or for conspiring to violate that statute, the disposition of Somohano's motion for a judgment of acquittal prevents what the Court would regard as a miscarriage of justice which otherwise would result from imposition of sentence pursuant to 21 U.S.C. § 174, the sentencing provisions of which are made mandatory by 26 U.S.C. § 7237(d). United States v. Toy, 2 Cir., 1960, 273 F.2d 625, 628, note 8; United States v. Lane, 9 Cir., 284 F. 2d 935; Lathem v. United States, 5 Cir., 1958, 259 F.2d 393, 396–397. See 1956 U.S. Code Cong. & Adm.News, pp. 3279, 3283–3285.

Somohano was one of four members of an alleged conspiracy to violate the Federal narcotics laws. His role was by far the least significant; indeed, viewing the evidence in the light most favorable to the government, Somohano's role in the alleged conspiracy was so peripheral as to present a close question whether he was a member of the conspiracy at all. The Court has resolved that question by allowing to stand the jury's verdict that Somohano was guilty of a general con-

spiracy to commit an offense against the United States in violation of 18 U.S.C. § 371.

The status of the other three members of the alleged conspiracy is as follows. Perez pleaded guilty to a violation of 26 U.S.C. § 4704(a); he has been sentenced to a term of two years; and the government has nolled charges against him of violations of 21 U.S.C. § 174 and 18 U. S.C. § 371 (Criminal No. 10,206). Rosa pleaded guilty to a violation of 26 U.S. C. § 4704(a); he has been sentenced to a term of three years; and the government has nolled charges against him of violations of 21 U.S.C. § 174 and 18 U.S.C. § 371 (Criminal No. 10,228). No charges have been brought against Santana, a juvenile.

The net effect of the pleas of Perez and Rosa and the jury verdict of guilty against Somohano, but for the disposition by the Court of Somohano's motion for judgment of acquittal, would have been as follows. Perez and Rosa, two of the principal conspirators, having pleaded guilty to violations of 26 U.S.C. § 4704 (a), were to be sentenced under 26 U.S. C. § 7237(a), which provides, in the case of a first offender, for imprisonment for not less than two nor more than ten years and a fine of not more than $20,000; but in imposing sentence under 26 U.S.C. § 7237(a), the Court may suspend the imposition or execution of sentence and place the defendant on probation, or it may impose a sentence in excess of six months but order execution of the sentence suspended after a period not exceeding six months and order the defendant placed on probation. 18 U.S.C. § 3651. Somohano, on the other hand, whose role in the alleged conspiracy was least significant, would have been sentenced under 21 U.S.C. § 174, which provides, in the case of a first offender, for imprisonment for not less than five nor more than twenty years and a fine of not more than $20,000, but with no power in the Court to suspend imposition or execution of sentence, nor to grant pro-

bation, and with the defendant precluded from eligibility for parole (26 U.S.C. § 7237(d)); he also was to be sentenced under 18 U.S.C. § 371, which provides for imprisonment for not more than five years and a fine of not more than $10,000, but with power in the Court to suspend sentence and to order the defendant placed on probation. 18 U.S.C. § 3651.

The disposition of Somohano's motion for judgment of acquittal—granting the motion for acquittal on count one and denying the motion on count three, construed as charging a general conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371— has allowed the Court to impose a sentence of five years on Somohano, to order execution of the sentence suspended after six months and to order him placed on probation for two years.

Thus, in the exercise of the Court's discretion and in an effort to impose consistent sentences, each member of the alleged conspiracy has been sentenced in the light of his respective role in the conspiracy.

Congress has placed at the disposal of the government a powerful weapon in Section 2(c) of the Narcotic Drugs Import and Export Act of 1956, 21 U.S.C. § 174. The built-in presumption from possession established by this statute, when used together with the aider and abettor statute (18 U.S.C. § 2)[3] in the sweeping scope of a conspiracy case, makes possible a formidable prosecution of violations of the Federal narcotics laws. No one doubts the wisdom of Congress in enacting this legislation designed to deal effectively with the narcotics traffic which is one of the most despicable and malignant plagues upon our society.[4]

Mindful, however, of the drastic mandatory penalties which have been provided in cases of conviction of violations of 21 U.S.C. § 174 and of the danger of sweeping within the net of a conspiracy charged under 21 U.S.C. § 174 some innocent person or even a fringe conspira-

---

3. Cf. United States v. Santore, supra.

4. 1956 U.S.Code Cong. & Adm.News, pp. 3275, 3280–3286.

tor, the Court firmly believes, first, that "the government must turn square corners," [5] particularly in this type of prosecution, and, secondly, that the Court must meticulously analyze the evidence as to each defendant in determining whether to allow the case to go to the jury and, if a verdict of guilty is returned, whether to allow the verdict to stand. As the Court of Appeals stated in United States v. Bufalino, 2 Cir., 285 F.2d 408, 418:

"We doubt the advisability of requiring that the government meet any absolute standards in conspiracy cases. At the same time we cannot state too strongly our view that it is incumbent on trial judges, in deciding whether the government has made out a sufficient case to go to the jury, to analyze with meticulous care the evidence as to each defendant."

Likewise, in imposing sentence upon those convicted of violations of the narcotics laws and particularly of conspiracies to violate the narcotics laws, the Court, within the limits of its discretion, should exercise meticulous care in an attempt to impose consistent sentences commensurate with the extent of participation by the respective conspirators.[6]

In the instant case, following the pattern of most indictments in narcotics conspiracy cases in this District, all members of the alleged conspiracy (except the juvenile) were indicted, in substantive counts, for violations of 21 U.S.C. § 174 and 26 U.S.C. § 4704(a); and, in a conspiracy count, for having conspired to commit the crimes charged in the substantive counts. In due course, again following the pattern in such cases, two of the conspirators who had been indicted (Perez and Rosa) pleaded guilty to the 26 U.S.C. § 4704(a) charge (under which a non-mandatory sentence may be imposed), whereupon the government nolled the 21 U.S.C. § 174 charge (under which a mandatory sentence must be imposed) as well as the conspiracy charge. That left Somohano alone charged with violations of the two substantive counts and the conspiracy count. Represented by able court-appointed counsel, he elected to stand trial alone. He was convicted on the substantive count charging a violation of 21 U.S.C. § 174 and on the conspiracy count; but was acquitted on the count charging a violation of 26 U.S.C. § 4704(a).

The Court was thus confronted, aside from the question of the sufficiency of the evidence to sustain the conviction of Somohano, with a sentencing dilemma: either to impose sentences reflecting the degrees of participation of the respective conspirators, using as a floor the minimum five year mandatory sentence required under 21 U.S.C. § 174 to be imposed on Somohano, the least significant member of the conspiracy; or to impose on those most implicated in the conspiracy appropriate discretionary sentences (which, in the judgment of the Court, could not exceed five years in the case of any defendant), but with the necessity of imposing the heaviest sentence on the least culpable member of the conspiracy, Somohano.

Fortunately, the Court was not compelled to resolve that dilemma. The insufficiency of the evidence to sustain the conviction of Somohano on count one necessitated granting his motion for a judgment of acquittal on that count. His motion for a judgment of acquittal on count three has been denied. An order has been entered accordingly.

The Court is grateful to Gary R. Ginsberg, Esq., court-appointed counsel, who represented defendant Somohano ably and in accordance with the highest standards of the profession.

---

5. McPhaul v. United States, 81 S.Ct. 138, 147 (Mr. Justice Douglas, dissenting).

6. Congress has acted to encourage, among other objectives, consistency in sentencing. 28 U.S.C. § 334; 1958 U.S.Code Cong. & Adm.News, p. 3891. Specifically, with respect to sentences imposed under the Narcotic Drugs Import and Export Act of 1956, 26 U.S.C. § 7237, Congress expressly intended that the punishment should fit the crime. 1956 U.S.Code Cong. & Adm.News, p. 3285.