Joe VASQUEZ and Joe Garcia Verduzco,
Appellants,

v.

UNITED STATES of America,
Appellee.

No. 17032.

United States Court of Appeals
Ninth Circuit.

May 15, 1961.

**898**

Thomas F. Doyle, San Francisco, Cal., for appellants.

Laurence E. Dayton, U. S. Atty., and John Kaplan, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY, HAMLIN and KOELSCH, Circuit Judges.

HAMLEY, Circuit Judge.

Joe Vasquez and Joe Garcia Verduzco were jointly tried and convicted under a one-count indictment charging the sale and facilitation of the sale and transportation of nine grains of heroin in violation of 21 U.S.C.A. § 174. Appealing to this court, they argue that the trial court erred in denying their motion for acquittal and in failing to give a requested instruction.

The evidence shows that William Wong, an agent of the Federal Bureau of Narcotics, approached one Nanette Brugh and asked her to obtain some narcotics for him. He gave her for this purpose four hundred dollars in government funds. Miss Brugh contacted appellants and made arrangements for them to purchase some heroin for her. She gave them the four hundred dollars to use in purchasing the narcotics and told them she would give them some of the heroin in exchange for their assistance.

Appellants obtained the heroin and took it to a motel room which they and Miss Brugh had rented. She then made arrangements to meet Wong and one Frank Gugino who turned out to be a special employee of the Bureau. Appellants drove her to the rendezvous. Miss Brugh had the narcotics with her at that time but concealed them in a car lot before she met the agents. She then met Wong and Gugino and took them to the car lot where she picked up the package of narcotics and gave it to the agents. There is no evidence as to where appellants obtained the narcotics.

Arguing from these facts that they were purchasers and not sellers, appellants contend that they could not be convicted of the sale or of facilitating the sale and transportation of the heroin.

United States v. Prince, 3 Cir., 264 F. 2d 850, is cited by appellants in support of this position. In Prince it was held that a defendant who acted in the same capacity as these appellants could not be found guilty of selling and facilitating the concealment and sale of narcotic drugs in violation of 21 U.S.C.A. § 174.

■ The instant indictment charged that appellants "did fraudulently and knowingly sell and facilitate the sale and transportation of approximately 9 grains of heroin * * *." Three separate offenses were thus charged, all relating to the same transaction—the sale of narcotics, facilitation of the sale of narcotics, and facilitation of the transportation of narcotics. This is proper under 21 U.S.C.A. § 174. Torres Martinez v. United States, 1 Cir., 220 F.2d 740, 742–743.

Since appellants were shown to be procuring agents of a purchaser, Miss Brugh, but were not shown to have sold narcotics to her or to have been associated with a seller, the verdicts of guilty cannot rest upon the charge of selling narcotics.

Neither could the verdicts under these circumstances rest on the charge of facilitating the sale, if the holding of Prince is to be followed. The Government questions the correctness of that decision, pointing out that the two decisions apparently relied upon as authority for the holding dealt exclusively with the question of sale, no question of facilitating sale being involved.[1] For the reasons indicated below, however, it is not necessary for us to decide whether we agree with Prince.

▮ The case before us involves a charge of facilitating the transportation of narcotics. No such charge was made in the Prince indictment. Hence the court in that case was not called upon to decide whether one who delivers narcotics to a purchaser, while acting only as the latter's procuring agent, can be convicted of facilitating the transportation of narcotics.

It is possible to argue that while Prince did not deal specifically with facilitation of transportation, the rationale of its decision pertaining to the facilitation of the sale and concealment of narcotics applies equally with regard to transportation. However, Prince contains no statement of the rationale upon which the court's decision on this point was based. The court stated only that "the requested instruction was proper" [264 F.2d at 853] and cited cases which dealt only with sale. Under these circumstances we will not speculate as to what the rationale may have been and will not give that decision application beyond the point actually decided.

▮ One may be convicted of transporting or facilitating the transportation of narcotics without having committed the act of selling. Torres Martinez v. United States, supra, 220 F.2d at 743. Here it was not necessary for the Government to prove actual transportation since appellants were only charged with facilitating transportation. The word "facilitate" as used in section 174 means "to make easy or less difficult," "to free from difficulty or impediment," "as to facilitate the execution of a task." Bruno v. United States, 9 Cir., 259 F.2d 8, 10.

There is substantial evidence showing that appellants actually transported heroin from the place where they acquired it to the motel which they and Miss Brugh had rented. They then drove Miss Brugh from the motel to her rendezvous with the agents at a time when she had the narcotics in her possession. Since the greater includes the lesser, this evidence of actual transportation provides ample basis for the jury finding that appellants facilitated the transportation of the heroin. The trial court did not err in denying the motion for acquittal.

Appellants requested the trial court to give the instruction quoted in the margin.[2] Instead the court gave a somewhat similar instruction.[3] Conceding the similarity, appellants argue that the in-

---

1. Adams v. United States, 5 Cir., 220 F.2d 297; United States v. Sawyer, 3 Cir., 210 F.2d 169.

2. "If you believe that the Federal Agent, or the informer, who acted under the instructions and authority of Agents of the Federal Bureau of Narcotics, asked the defendants to get some heroin for him and thereupon the defendants undertook to act in the prospective purchaser's behalf rather than their own, and in so doing purchased the drug from a third person with whom they were not associated in selling and thereafter delivered it to the buyer, the defendants would not be a seller and would not be convicted under this indictment."

3. "If you believe, ladies and gentlemen, that the Government witness, Nanette Brugh, was an informer or special employee, so-called, who acted under instructions and authority of agents of the Federal Bureau of Narcotics, and if you further believe and find that she asked the defendants to get some heroin for her and thereupon the defendants. undertook to act in the prospective purchase in her behalf rather than on their own, and in so doing purchased the drugs from a third person with whom they were not associated in selling, and thereafter delivered it to the buyer, the defendants could not be convicted under this indictment. That is, those factual considerations are for you to find."

struction requested and the one which was given differ in one important respect. The instruction given added as a condition for a verdict of acquittal that the jury find that Miss Brugh was an informer or special employee acting under instructions of the Bureau. Appellants contend that this additional element completely changes the meaning of the requested instruction, which was based on an instruction approved in the Prince case, by injecting the irrelevant concept of entrapment.

The requested instruction does not correctly state the law. It would have advised the jury that if appellants were not found to be sellers they could not be convicted under the indictment. As pointed out above, they could be convicted if they were found to have facilitated the transportation of the narcotics. For this reason the trial court did not err in rejecting the requested instruction.

██ The instruction given, as quoted in footnote 3, is also an incorrect statement of the law. It advised the jury that if appellants purchased and delivered drugs to a buyer, acting only as agents of the buyer, they could not be convicted under the indictment. In fact they could have been convicted as persons who facilitated the transportation of narcotics. The conclusion that appellants could not under these circumstances be convicted was also erroneously conditioned upon a preliminary finding that Miss Brugh was an informer or special employee of the Bureau.

In our opinion, however, the errors to which reference has been made were not prejudicial. The first error in regard to the requested instruction favored appellants with a more restrictive construction of section 174 and the indictment than that to which they were entitled. The inclusion of a condition that Miss Brugh be found to be an informer or special agent imposed no burden on appellants since they conceded that she was such an informer or agent. This is demonstrated by appellants' proposed instruction, as quoted in footnote 2, which states that

she was "the Federal Agent, or the informer."

Counsel for appellants voiced no objection in the trial court to the refusal to give the requested instruction or to the giving of the instruction which they now challenge. On the contrary, counsel for appellants advised that court that they were satisfied with the instructions. Nor has counsel for appellants asked us, by invoking the "plain error" rule on this appeal, to review these matters, notwithstanding the fact that they were not brought to the attention of the trial court. See rule 52(b), Federal Rules of Criminal Procedure, 18 U.S.C.A. We have nevertheless examined these matters and conclude that there were no plain errors or defects affecting the substantial rights of these appellants.

Affirmed.