Guillermo Serna JASSO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18240.

United States Court of Appeals Fifth Circuit.

May 26, 1961.

John E. Fitzgibbon, William C. Wright, Laredo, Tex., for appellant.

Charles L. Short, Asst. U. S. Atty., Laredo, Tex., William B. Butler, U. S. Atty., Houston, Tex., for appellee.

Before CAMERON and BROWN, Circuit Judges, and HANNAY, District Judge.

HANNAY, District Judge.

Appellant was indicted upon two counts charging him with

(1) That on or about August 3, 1959, he did criminally import and bring 216 grains of heroin into the United States; and,

(2) That on or about the same date, he did criminally receive, conceal, buy, sell and facilitate the transportation and concealment of, after importation, the same 216 grains of heroin.

Both of these counts being in violation of Section 174, Title 21 U.S.C.A., as amended.

Appellant was tried before a jury and found guilty on both counts, from which sentence he has appealed.

The pertinent facts of the case are as follows: On August 3, 1959, Customs Agent Douglas Hernandez, using the name of Johnny Martinez, arrived in Laredo, Texas, accompanied by a Government employee, or informer, known as "Mario." That day, Mario telephoned appellant and asked appellant to meet him at Conchita's Bar in Laredo, Texas. This meeting was had at about 2:00 p. m. and appellant claims that Mario asked him to get him some heroin because, he, Mario, was a drug addict and badly in need of heroin to satisfy his addiction. Previously, Hernandez had given Mario the sum of $150 with which to purchase narcotics. Thereafter appellant and Mario went separately or together crossed the Rio Grande River into Nuevo Laredo, Mexico. There Mario paid a third party $150 for the heroin in question. Appellant then agreed to have the heroin so purchased transported into the United States and delivered to Mario there. At about 6:00 p. m., in Laredo, Texas, appellant called Mario, and Mario, in company with Hernandez, met the appellant. By direction of appellant, the three then proceeded about a block to the right of Alfredo Sanchez' place, and ap-pellant then told Mario that he would have to pay him $150 before the contraband was delivered. Hernandez delivered to Mario the $150, who immediately handed the same to appellant as a final payment on the heroin. In appellant's words: "And before arriving at that place, I told them to give me the money so that I could tell them where the stuff was hidden. Then Martinez (Hernandez) gave me the money, and I told him, 'Well, you were the one who made the deal. There is the stuff. You do what you want to do now.' From there, Mario, Martinez and I came back to Conchita's place. I had a car there." It is thus seen that appellant had constructive possession of the narcotics in question and without his aid and assistance delivery could not have been made.

Appellant relies upon six points or propositions which he specifies as errors, which he claims entitles him to a reversal in this case. We will now consider them in the order in which they are urged.

First, appellant contends that the undisputed evidence shows entrapment as a matter of law, and that therefore appellant's motion for acquittal on both counts should have been granted. In view of the testimony that appellant was an active participant in arranging to have the contraband crossed illegally into the United States, and that he alone selected the person for that purpose, and that before taking Hernandez and Mario to the place where the heroin was concealed and demanded and received the final payment for same, and thereafter made delivery of said heroin, it undoubtedly shows that appellant was a confederate or an intentional participant in a common design. The essential relationship in such cases has been stated by the Supreme Court in Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S. Ct. 766, 769, 93 L.Ed. 919:

"In order to aid and abet another to commit a crime it is necessary that a defendant 'in some sort associate himself with the venture, that he participate in it as in something

that he wishes to bring about, that he seek by his action to make it succeed.' L. Hand, J., in United States v. Peoni, 2 Cir., 100 F.2d 401, 402."

By this test, unquestionably appellant was not a mere sub-agent or conduit, but having made all arrangements with the delivery man for the smuggling of the narcotics and continuing to participate throughout when there was no apparent need to do so it would indicate that he had a stake in the venture, thereby making himself more than a mere sub-agent or conduit. In this connection, again quoting from Judge Learned Hand in United States v. Sherman, 2 Cir., 1952, 200 F.2d 880, offering of inducements were proper where (1) there was an existing course of similar criminal conduct, (2) the accused had already formed a design to commit the crime, or (3) his willingness to do so was evidenced by ready complaisance. All three of these factors were present in this case.

■ Then, too, Hernandez testified that immediately after the delivery of the contraband in question here appellant offered to supply large quantities of heroin to Hernandez conditioned that Hernandez would pay him, the appellant, one-half the purchase price in advance. This statement was testified to by Hernandez in appellant's presence and before appellant took the witness stand in his own defense. It is extremely significant that when appellant did thereafter take the witness stand he did not deny having made such a proposition to Hernandez. It was therefore not error to deny appellant's motion for acquittal. Too, this motion for acquittal was made after the Government had rested. It was not again urged at the conclusion of all of the testimony. As a result of appellant's failure to urge at the conclusion of all of the testimony, he thereby waived the motion for an instructed verdict. See Moomaw v. United States, 5 Cir., 1955, 220 F.2d 589; Fallen v. United States, 5 Cir., 1955, 220 F.2d 946; Meeks v. United States, 5 Cir., 1958, 259 F.2d 328; Coronado v. United States, 5 Cir.,

266 F.2d 719, 721; Rule 29 F.R.Crim.P., 18 U.S.C.A.

In the Coronado case, supra, the court said:

" * * * The law is settled that entrapment is a question for the jury to decide, unless the evidence is so clear and convincing that it can be passed on by the trial judge as a matter of law. Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848; Sorrells v. United States, 1932, 287 U.S. 435, 53 S. Ct. 210, 77 L.Ed. 413; Accardi v. United States, 5 Cir., 1958, 257 F.2d 168."

■ The second point urged by appellant was that he was a mere sub-agent or conduit for the Government as a matter of law. In view of his active participation, as set forth under the preceding point, and his receiving of payment after the heroin had been smuggled into this country, his contention is untenable. Surely he facilitated the illegal transaction, as that term is used in the statute. Quoting from Rios v. United States, 9 Cir., 283 F.2d 134, 136:

" 'Facilitate,' as used in this statute (21 U.S.C.A., § 174), has been defined as follows: 'to make easy or less difficult; to free from difficulty or impediment; as to facilitate the execution of a task.' Cellino v. United States, 9 Cir., 1960, 276 F.2d 941, 943; Bruno v. United States, 9 Cir., 1958, 259 F.2d 8; Pon Wing Quong v. United States, 9 Cir., 1940, 111 F.2d 751."

In this case, not only did he facilitate the sale, but also he alone arranged for the illegal importation.

The third point raised by the appellant is that the trial court's charge on entrapment was erroneous. Particular objection is made to that portion of the court's charge on entrapment which reads as follows:

"On the other hand, if this be true, as this defendant has above testified, that heretofore he has been free of narcotic traffic, that he, as an

innocent man, was urged and begged and entreated by someone, who was acting in the employ of the government officers, to commit this crime, he would not have done so otherwise, *and he has not done so before,* and solely by reason of the activity of the government agents in putting him up to it, so to speak, has he fallen into the toils of the law, then that would be unlawful entrapment on the part of the officers and the defendant would be entitled to a verdict of not guilty." (Emphasis supplied.)

■ A complete answer to this proposition is found in the case of Hamilton v. United States, 5 Cir., 1955, 221 F.2d 611, 613, wherein the court ruled that the following was a proper instruction and should have been given:

"The defense of entrapment is a good one in law and arises under certain circumstances. Where a defendant charged with the unlawful sale of marijuana was not and had never been a dealer in marijuana, *had never sold any before,* nor conceived an intention to do so, but was induced by the Government agent to sell to him, the whole transaction being a device of the narcotic agent who furnished the money to entrap, arrest and prosecute him, then the jury is instructed to find the defendant 'not guilty'." (Emphasis supplied.)

The trial court gave a full, fair, clear and correct charge on the doctrine of entrapment. See also the case of Masciale v. United States, 1958, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859.

■ Our opinion does not mean that where a person who was formerly engaged in the narcotics business but who has completely reformed and has no intention of again entering it cannot be subject to entrapment. Such a person could.

The fourth point appellant raises is that the trial court committed error in refusing appellant's requested instruction number four with reference to appellant being a mere sub-agent or conduit of the Government. What has been said heretofore under the first alleged errors with reference to appellant's active participation is here applicable and is therefore unnecessary to repeat. This complaint of error is without merit and is overruled.

■ The fifth alleged error by the trial court is that the court, over appellant's objection, admitted inadmissible evidence to the effect that a known narcotics dealer had visited appellant's house shortly before August 3, 1959. At the time that this testimony was admitted, appellant had testified and urged as his defense entrapment. It therefore became relevant and admissible because, as the Supreme Court said in the often cited case of Sorrells v. United States, 1932, 287 U.S. 435, 451, 53 S.Ct. 210, 216, 77 L.Ed. 413:

"The government in such a case is in no position to object to evidence of the activities of its representatives in relation to the accused, *and if the defendant seeks acquittal by reason of entrapment he cannot complain of an appropriate and searching inquiry into his own conduct and predisposition as bearing upon that issue.* If in consequence he suffers a disadvantage, he has brought it upon himself by reason of the nature of the defense." (Emphasis supplied.)

■ The last proposition relied upon by the appellant is that it was improper to admit into evidence circumstances of the arrest of the appellant's brother for a narcotics offense and also with reference as to whether or not he was convicted for carrying a concealed weapon in Chicago. This information with reference to the possession of a gun was first mentioned by appellant and was not in response to any question asked him but was volunteered. The statement however was withdrawn and no ruling thereon is involved here.

Finding no reversible error and that there was substantial evidence to support the jury verdict of guilty on both counts, the judgment of conviction is

Affirmed.