Joseph E. LEWIS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18019.

United States Court of Appeals District of Columbia Circuit.

Argued March 23, 1964.

Decided June 18, 1964.

Petition for Rehearing en Banc Denied Oct. 13, 1964.

---

Mr. Henry Lincoln Johnson, Jr., Washington, D. C., for appellant.

Mr. Max Frescoln, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Robert B. Norris, Asst. U. S. Attys., were on the brief, for appellee.

Before BASTIAN, BURGER and WRIGHT, Circuit Judges.

BURGER, Circuit Judge.

Appellant was convicted of two counts of an indictment charging him with selling, bartering, exchanging or giving away narcotic drugs without written Treasury order form in violation of 26 U.S.C. § 4705(a); [1] two counts charging purchasing, selling, dispensing or distributing narcotic drugs not in or from the original stamped package in violation of 26 U.S.C. § 4704(a); [2] and two counts charging facilitating the concealment or sale of narcotic drugs illegally imported knowing same to be illegally imported in violation of 21 U.S.C. § 174.[3] These counts were the latter six of a nine count indictment charging three distinct narcotics offenses under each statute for participation in each of three separate transactions; the jury was unable to agree as to the first three counts, which related to the first of the three alleged transactions. Concurrent sentences of 5 years on both counts 4 and 7 (§ 4705(a)) and counts 6 and 9 (§ 174) and of 2–6 years on counts 5 and 8 (§ 4704(a)) were imposed.

The government's evidence was such that the jury could reasonably have found beyond a reasonable doubt that an undercover police officer in the company of a special employee of the Police Department on the latter two transactions had given appellant certain sums of money so that appellant could purchase narcotics for the undercover officer. Appellant testified in his own behalf that he had participated in the transactions described by the government witnesses. His testimony raised the issue of entrapment [4] and the court instructed the jury on this issue.

On this appeal it is claimed that the District Court erred in not giving an instruction requested in the following language:

"If you believe that the Federal Agent . . . . . . . . . or the informer, who acted under instructions and authority of agents of the Federal Bureau of Narcotics, asked the defendant to get some heroin for him and thereupon the defendant undertook to act in the prospective purchaser's behalf rather than his own, and in so doing purchased the drug from a third person with whom he was not associated in selling, and thereafter delivered it to the buyer, the defendant would not be a seller and *could not be convicted under this indictment.*" (Emphasis added.)

Counts 2, 5, and 8, as well as charging appellant with selling, dispensing, or distributing, charged him with the purchase of narcotics. The usual purchasing or procuring agent instruction would not be applicable to the offense of buying. See Kelley v. United States, 107 U.S.App. D.C. 122, 275 F.2d 10 (1960) (per curiam); United States v. Sizer, 292 F.2d 596, 599 n. 4 (4th Cir. 1961) (dictum).[5]

1. 68A Stat. 551 (1954), as amended, 26 U.S.C. § 4705(a) (1958).

2. 68A Stat. 550 (1954), as amended, 26 U.S.C. § 4704(a) (1958).

3. 70 Stat. 570 (1956), 21 U.S.C. § 174 (1958).

4. Appellant's testimony was that on the last occasion he had been allowed to keep some narcotics for himself; this purported profit is not necessarily inconsistent with an agency theory, *infra*, for "agents" do not necessarily act gratuitously. In any event, our holding in Kelley v. United States, 107 U.S.App.D.C. 122, 275 F. 2d 10 (1960) (per curiam), rejected the government's contention that appellant's own case must be consistent with the procuring agent theory; in *Kelley*, appellant had denied her part in the transactions. The purchasing agent theory, rather than constituting a defense, like entrapment or self-defense, for example, derives from a defendant's right to an instruction on all elements that must be proved to establish the offense charged. See United States v. Massiah, 307 F.2d 62, 71 (2d Cir. 1962) (majority opinion of Judges Hays and Waterman on this point citing the *Kelley* case for the above proposition), reversed on other grounds, 84 S.Ct. 1199 (May 18, 1964).

5. *Cf.* Vasquez v. United States, 290 F.2d 897, 899 (9th Cir. 1961) (purchasing agent theory does not apply to facilitating transportation of narcotics); Walker v. United States, 285 F.2d 52, 57 (5th Cir. 1960) (same); Washington v.

**544**

Thus, the italicized portion of this instruction is too broad and was correctly refused; the addition of a limitation such as "for the offense of selling," at the end of the proposed charge would have made the charge correct.

■ The purchasing agent instruction is required when requested on a § 4705 (a) *selling* charge—here counts 4 and 7 —when the evidence would warrant it. Kelley v. United States, *supra*; United States v. Sawyer, 210 F.2d 169, 170 (3d Cir. 1954); see Willis v. United States, 109 U.S.App.D.C. 221, 223–224, 285 F.2d 663, 665–666 (1960) (dictum); Vasquez v. United States, 290 F.2d 897 (9th Cir. 1961); Adams v. United States, 220 F.2d 297 (5th Cir. 1955); United States v. Somohano, 193 F.Supp. 201, 203 (D. Conn.1961) (as to sale under § 174).[6]

■ Thus, a procuring agent instruction was required in this case as to the offense of selling under § 4705(a), and failure to so instruct would call for reversal for a new trial as to counts 4 and 7. However, appellant's 5 year sentences under those counts were made concurrent with 5 year sentences on the § 174 counts (counts 6 and 9) charging him only with *facilitating* the concealment and sale of narcotics, not the sale itself. In the *Willis* case, *supra*, this court seems to have indicated that a purchasing agent can be convicted under § 174 of facilitating concealment or sale, rejecting a contention that a sale as to all three statutory sections had to be proved. The cases in other federal jurisdictions are divided on the question. See United States v. Prince, 264 F.2d 850, 853 (3d Cir. 1959) (reversing for failure to instruct on procuring agent theory as to facilitating a sale under § 174, although such instruction had been given as to sale counts); Jackson v. United States, 311 F.2d 686, 690 (5th Cir. 1963) (dictum as to facilitating sale); United States v. Somohano, *supra* (as to facilitating sale); *cf.* Henderson v. United States, 261 F.2d 909, 912 (5th Cir. 1959) (alternative ground); United States v. Moses, 220 F.2d 166 (3d Cir. 1955). To the contrary is Bruno v. United States, 259 F.2d 8, 10 (9th Cir. 1958) (alternative grounds): "The uncontradicted evidence that Bruno delivered to [Undercover Agent] Velasquez the heroin and received the payments therefor, shows facilitation of the sales." (Emphasis added.) *Cf.* Jasso v. United States, 290 F.2d 671, 673 (5th Cir.) (dictum), cert. denied, 368 U.S. 858, 82 S.Ct. 97, 7 L.Ed.2d 55 (1961); Rios v. United States, 283 F.2d 134 (9th Cir. 1960) (affirming conviction for facilitating sale by knowingly transporting *purchaser* to place of buy). See also Vasquez v. United States, supra, 290 F.2d at 899 (noting lack of stated rationale in *Prince* case).

■ We are unable to see any reason why a procuring agent may not be convicted of *facilitating* a sale of illegally imported narcotics; we cannot ignore what to us seems unmistakably plain language in § 174: "Whoever fraudulently or knowingly

---

United States, 275 F.2d 687, 690 (5th Cir. 1960) (same); Coronado v. United States, 266 F.2d 719, 720 (5th Cir.) (same), cert. denied, 361 U.S. 851, 80 S. Ct. 112, 4 L.Ed.2d 90 (1959). *But cf.* Henderson v. United States, 261 F.2d 909, 912 (5th Cir. 1958) (alternative ground directing judgment of acquittal as to acquisition under § 174); United States v. Somohano, 193 F.Supp. 201, 203 (D.Conn.1961) (directing judgment of acquittal as to § 174 charge of facilitating sale and transportation).

6. *Cf.* Jackson v. United States, 311 F.2d 686, 690 (5th Cir. 1963) (dictum as to

sale under § 174); United States v. Sizer, 292 F.2d 596, 599 (4th Cir. 1961) (by implication as to sale under § 4705 (a)); Vasquez v. United States, note 5 *supra*, 290 F.2d at 899, n. 3, 900 (by implication as to sale under § 174); Walker v. United States, note 5 *supra* (dictum as to sale under § 4705(a)); Washington v. United States, note 5 *supra* (dictum as to sale under §§ 4704(a) and 4705 (a)); Coronado v. United States, note 5 *supra* (dictum as to selling); United States v. Prince, 264 F.2d 850, 853 (3d Cir. 1959) (dictum as to sale under § 174); Henderson v. United States, note 5 *supra* (as to sale under § 4705(a)).

\* \* \* receives, conceals, buys, sells, *or in any manner facilitates the* \* \* \* *sale* \* \* \*." 70 STAT. 570 (1956), 21 U.S.C. § 174 (1958). In short, one who acts as a conduit facilitates the end result. Since buying and selling are made individual offenses, we do not believe that Congress intended to proscribe only conduct facilitating *the seller;* it made criminal conduct which "in any manner facilitates *the* \* \* \* *sale* \* \* \*," rather than only that conduct which facilitates the seller, as distinguished from the buyer. A sale by definition subsumes a transaction between buyer and seller; the act of each is essential to produce a "sale." The reasoning of the Court of Appeals for the Ninth Circuit in the *Bruno* case seems correct to us:

> " '[F]acilitates' of 21 U.S.C.A. § 174 'in any manner facilitates a sale' has 'the common and ordinary definition as expressed by a standard dictionary. Quoting from Webster's Unabridged Dictionary, "facilitate" is defined as follows: "To make easy or less difficult; to free from difficulty or impediment; as to facilitate the execution of a task." ' "

Bruno v. United States, *supra* 259 F.2d at 10. In this sense, the procuring agent, who is a type of "middleman," or "broker," inevitably facilitates the "sale." To acquit one who makes more easy or otherwise aids or assists the *purchase* and convict one who facilitates the *selling* would exalt hair-splitting at the expense of common sense and substance; we may not close our eyes to the simple words of § 174, "in any manner." Accordingly, we affirm the judgments against appellant on counts 6 and 9.[7]

Ordinarily, under Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943), affirmance of the

§ 174 counts would, because of the concurrence of the 5 year sentences, obviate our passing upon the validity of the § 4705(a) counts, since failure to instruct on the purchasing agent theory as to the § 4705(a) sale counts could not have prejudiced appellant under the § 174 counts which did not charge a sale. However, concurrently with the four 5 year sentences, appellant also received concurrent sentences of 2–6 years on counts 5 and 8 under § 4704(a). Since we conclude that failure to give the purchasing agent instruction as to the § 4704(a) counts was prejudicial error as to the "sale" offenses charged in those counts, affirmance of the facilitating offenses does not preclude reversal of the remaining 4 counts. The government is, of course, free to re-try appellant on those counts under appropriate instructions.

■ As we noted earlier, purchase by a procuring agent violates a proscription against *buying* illicit narcotics. However, when an indictment under § 4704(a) charges the offense of selling as well as purchasing, the procuring agent instruction is required in the same way as for a sale charged under § 4705(a), provided the evidence of "procuring" is present. Under an indictment charging the offenses of § 4704(a) the jury is entitled to convict by inferring a purchase from appellant's unexplained possession of the drug, but it may also convict by finding directly, beyond a reasonable doubt, that appellant sold the narcotics in violation of the statute. We need not speculate on which theory the jury here relied; a conviction on counts 2 and 6 under § 4704(a) may have rested on a finding of "selling" which might have been obviated by a procuring agent instruction here required by the evidence. Whenever a sale of narcotics is charged, it is "essential that the jury be instructed

---

7. We note that the indictment as to those counts is drawn far more restrictively than the normal indictment that charges all offenses under § 174; as indicated earlier, counts 6 and 9 charged appellant only with facilitating the conceal-

ment and sale and not with the sale itself. Had the indictment charged a sale under § 174, disposition in accordance with our holding as to the proper instruction under § 4704(a), *infra,* would be dictated.

as to the elements necessary to establish a sale by the appellant." Kelley v. United States, 107 U.S.App.D.C. at 123, 275 F.2d at 11. (Footnote omitted.)

We have considered appellant's other contentions and hold that the issue of entrapment was properly submitted to the jury on correct instructions and that no error affecting substantial rights was committed by the admission on rebuttal of evidence of transactions subsequent to those charged in the present indictment.

Affirmed as to counts 6 and 9; reversed and remanded as to counts 4, 5, 7 and 8.

WRIGHT, Circuit Judge (concurring in part and dissenting in part).

I concur in the court's well reasoned opinion reversing as to counts 4, 5, 7 and 8. I respectfully dissent from the affirmance as to counts 6 and 9.

In giving a procuring agent instruction, I see no basis for distinguishing between sale and facilitation of sale. "[A] participant in a particular transaction must be punished either as a seller or as a buyer. There is no general offense of participation in the transaction viewed as a whole." United States v. Moses, 3 Cir., 220 F.2d 166, 168 (1955). One who is a procuring agent for the buyer is, under the law, neither the seller nor the facilitator of the sale. United States v. Prince, 3 Cir., 264 F.2d 850, 853 (1959); United States v. Somohano, D.Conn., 193 F.Supp. 201, 203 (1961). I would therefore require a procuring agent instruction for all counts.

I would, moreover, approve the instruction in a form similar to the one requested and denied: that one cannot be convicted under 26 U.S.C. §§ 4704(a), 4705(a), or 21 U.S.C. § 174, if he was a procuring agent for a Government agent in purchasing narcotics, and was not himself a seller of narcotics. Henderson v. United States, 5 Cir., 261 F.2d 909, 912 (1958).