UNITED STATES of America,
Plaintiff,

v.

Marian GRAY and Sylvester Smith,
Defendants.

No. 67 Cr 77(2).

United States District Court
E. D. Missouri, E. D.

June 15, 1967.

William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

James A. Bell, St. Louis, Mo., for defendant Marian Gray.

Ellis S. Outlaw, St. Louis, Mo., for defendant Sylvester Smith.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MEREDITH, District Judge.

This matter was tried to the Court without a jury. The Court has been duly advised by testimony and briefs of the parties.

Defendants were charged in a four-count indictment with violations of 26 U.S.C. §§ 4704(a) and 4705(a). Count I charges that on January 30, 1967, defendant Marian Gray did unlawfully purchase, sell, dispense and distribute 211 milligrams of heroin other than in or from the original stamped package containing same. Count II charges that on January 30, 1967, defendant Gray did unlawfully sell to one Carl L. Jackson, 211 milligrams of heroin for the sum of $32.00 not in pursuance of a written order on a form issued for that purpose by the Secretary of the Treasury of the United States. Count III charges that on February 14, 1967, both defendants Marian Gray and Sylvester Smith did unlawfully purchase from an unknown person at an unknown price 359 milligrams of heroin, said drug being purchased in other than the original stamped package. Count IV charges that on February 14, 1967, both defendants Marian Gray and Sylvester Smith did unlawfully sell to one Carl L. Jackson, 359 milligrams of heroin for the sum of $40.00 not in pursuance of a written order on a form issued for that purpose by the Secretary of the Treasury of the United States.

*The Facts Are:*

On January 30, 1967, Carl L. Jackson, a narcotic agent, was introduced to defendant Marian Gray by Ann Rodgers, an addict. Defendant Gray asked Agent Jackson how many "capsules" he wanted. He replied he wanted seven capsules.

Defendant Gray advised they would cost $32.00. At that time all the parties were at the residence of defendant Gray, 1356 Belt, St. Louis, Missouri, and they proceeded in the agent's automobile from this address to the vicinity of Fifteenth and Biddle, where the agent gave defendant Gray $32.00 and let her out of the automobile. She was gone for about twenty minutes, got back in the agent's car and they returned to her residence, where she gave him the seven capsules, which contained heroin.

On February 14, 1967, the agent met defendant Gray at a pre-arranged location near Eighteenth and Biddle Street. The defendant Gray was riding in a 1966 blue Chevrolet, driven by defendant Sylvester Smith. There was also another negro female and a small child in the automobile. The agent gave defendant Gray $40.00 in order to get nine capsules of heroin. Defendant Smith counselled the agent that there were too many policemen in the area and directed the agent to go to Twenty-third and Cole in his automobile and that defendants Gray and Smith would bring his package there. Agent Jackson drove to Twenty-third and Cole where he waited for approximately thirty minutes. Defendants Smith and Gray returned in Smith's automobile and defendant Gray got out of defendant Smith's automobile, got into a taxicab about sixty yards to the rear of the agent's car and defendant Gray alighted from the cab and delivered the nine capsules of heroin. She then returned to defendant Smith's automobile which he had driven and parked behind the agent's car.

Defendant Gray admits delivering the heroin, but states that this was entrapment, because on each occasion she got one capsule of heroin from the agent for obtaining the narcotics for him and that she used this capsule to satisfy her own narcotic habit. Defendant Smith denies that he had any knowledge of the narcotic transaction and merely provided his car to drive defendant Gray around at her request, that he was a very close and intimate friend of defendant Gray.

*The Law*

 There is no indication from the foregoing facts that there was any entrapment. Defendant Gray indicated a willingness to engage in criminal activities and the agent merely afforded the defendant an opportunity for the commission of the offense. See Lewis v. United States, 119 U.S.App.D.C. 145, 337 F.2d 541 (1964); Kibby v. United States, 372 F.2d 598 (8th Cir. 1967).

Section 2(a) of 18 U.S.C. provides:

"Whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal."

Defendant Smith had knowledge of the entire transaction, and aided, abetted and counselled in carrying it out.

Accordingly, the Court is of the opinion that defendant Marian Gray is guilty as charged in Counts I and II of the indictment, and that both defendants are guilty as charged in Counts III and IV of the indictment.