## UNITED STATES v. SAWYER.
### No. 11119.

United States Court of Appeals
Third Circuit.

Argued Dec. 8, 1953.

Decided Jan. 15, 1954.

Henry A. Wise, Jr., Wilmington, Del., for appellant.

Michael A. Poppiti, Asst. U. S. Atty., Wilmington, Del., for appellee.

Before KALODNER, STALEY, and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

The appellant Sawyer was convicted by a jury under an indictment charging him with the unlawful selling of a quantity of heroin. The purchaser was a federal narcotics agent in search of evidence of dope peddling. On this appeal Sawyer claims that the trial judge committed reversible error in refusing to include certain points in his charge. More particu-

larly he says that the court erred in denying a defense request that the court explain to the jury, in relation to conflicting evidence of what happened in this case, the difference in fact and in law between dealing with a purchaser as seller and acting for him as a procuring agent. He also says that the evidence created an issue of fact concerning entrapment which the court refused to mention in any way in its charge.

To determine whether there was occasion to charge the jury on these points we must see what circumstances the jury might have found, resolving all conflicts in testimony in favor of the defense. There was evidence that defendant and a companion were walking along a Wilmington street at about 5:30 p. m. on their way home from the plant where they both were employed. They passed a parked automobile in which a stranger sat talking to an acquaintance of theirs who was standing on the sidewalk. The stranger called Sawyer over to the car and asked "Can you get me some horse", the word "horse" being a slang expression for heroin. Sawyer remonstrated that he had a job and was not doing that sort of thing. The stranger repeated his request urging that he was "sick". But Sawyer and his companion left him and continued on their way. After they had walked a short distance the same two men intercepted them again. This time the stranger feigned a dramatic and violent seizure and begged Sawyer to get him something to relieve his distress. Sawyer, moved by this apparent suffering and knowing where heroin could be purchased, took twenty dollars as then proffered, went to a nearby hotel, purchased some heroin for twenty dollars and brought it back and gave it to the stranger. While prosecution witnesses told a different and perhaps more credible story, the jury might have credited the above outlined account.

■ In these circumstances, we think the court should at least have pointed out to the jury that if they believed that the federal agent asked the defendant to get some heroin for him and thereupon the defendant undertook to act in the prospective purchaser's behalf rather than his own, and in so doing purchased the drug from a third person with whom he was not associated in selling, and thereafter delivered it to the buyer, the defendant would not be a seller and could not be convicted under this indictment. This may be obvious to a lawyer, but we are not sure that in the circumstances of this case the distinction between a seller and a procuring agent was equally clear to laymen. The government having elected to charge the defendant with the crime of sale rather than illegal possession, the jury should have been alerted to the legal limitations of the sale concept in relation to the circumstances of this case.

The second point is that even if it should be concluded that the defendant was a seller, the circumstances were such as to make the defense of entrapment a jury question. Both parties rely upon the leading case of Sorrells v. United States, 1932, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413. The Supreme Court there quoted with approval the following language: " 'When the criminal design originates, not with the accused, but is conceived in the mind of the government officers, and the accused is by persuasion, deceitful representation, or inducement lured into the commission of a criminal act, the government is estopped by sound public policy from prosecution therefor.' " 287 U.S. at page 445, 53 S.Ct. at page 214. Later, Chief Judge Biggs, speaking for this court, described the quoted language as the "guiding principle of the Sorrells case". See United States v. Roett, 1949, 172 F.2d 379, 381.

■■ In the present case it seems not to be disputed that a public officer solicited the particular violation. But even so, there could be no entrapment if the defendant was already disposed to such wrongdoing, awaiting only an advantageous and apparently safe opportunity. Such disposition or its absence may be evidenced in various ways, including response to the particular request and, in some situations, by a

revealing recent course of conduct or activity. We think the evidence in this case raised a sufficient question whether defendant was disposed to trade in narcotics or yielded to importunations contrary to his own inclination, so that the issue of entrapment should have been submitted to the jury with an appropriate explanation of the legal prerequisites of that defense.

We find no merit in any other contentions of the appellant.

For these reasons the judgment must be reversed and the cause remanded for new trial or other proceedings consistent with this opinion.