**UNITED STATES of America**

v.

**LEE KOW.**

**Crim. No. 18896.**

United States District Court
E. D. Pennsylvania.

Jan. 11, 1957.

doing, awaiting only an advantageous and apparently safe opportunity," as evidenced by his "response to the particular request * * *", United States v. Sawyer, 3 Cir., 1954, 210 F.2d 169, 170, and that there was no entrapment.

The motion for judgment of acquittal is denied.

---

United States District Court
S. D. New York.

Dec. 13, 1956.

W. Wilson White, U. S. Atty., Joseph Zapitz, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

William Cohen, James D. McCrudden, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Defendant, having waived a jury, was found guilty of selling narcotics. A government agent was looking for a narcotics suspect unconnected with the defendant. While doing so he happened upon the defendant, whom he did not know, approached him and broached the subject of narcotics. The agent asked the defendant to sell the agent narcotics and after negotiations and maneuvers the defendant did so.

The defendant has moved for judgment of acquittal. He contends that the entire transaction originated with agents of the government, who had no reason to believe that he was in the narcotics traffic, and that he was entrapped. I find that this is a case in which "the defendant was already disposed to such wrong-