**MERRITT–CHAPMAN & SCOTT COR-PORATION, Petitioner,**

v,

**Honorable W. Wallace KENT, United States District Judge for the Western District of Michigan, Respondent.**

**No. 15148.**

United States Court of Appeals
Sixth Circuit.

Nov. 19, 1962.

Joseph F. Deeb, Earl Waring Dunn, Deeb, Dunn & Elferdink, Grand Rapids, Mich., Manning Hollinger & Shea, New York City, for petitioner.

George E. Bushnell, Jr., Detroit, Mich., for respondent.

Before CECIL, Chief Judge, and MILLER and WEICK, Circuit Judges.

PER CURIAM.

This is an original proceeding in mandamus to require the District Judge to set aside an order assigning for trial a case pending before him and continuing it until such time as the petitioner has an opportunity to make reasonable use of discovery procedures available under the Federal Rules of Civil Procedure.

Upon the filing of the petition for mandamus, we issued an order to show cause and stayed further proceedings in the case until the petition had been heard and determined. Subsequently we modified the stay order, sua sponte, so as to stay only the trial of the case.

The case in the District Court had been assigned for trial on October 1, 1962. The court had indicated this date to the parties nearly a year prior thereto, but discovery procedures had not been completed. A motion for summary judgment had been filed but was not acted upon by the court. Petitioner undertook to file a motion for continuance on September 21, 1962 with the Judge at his home, but was instructed to file it with the Clerk. The Judge could not hear said motion until October 1, 1962 as he had other commitments.

The date set for the trial has since passed, but petitioner claims that it has not yet completed its discovery procedures. In its reply brief petitioner indicated that it could be ready for trial in the April 1963 term of the District Court.

The continuance of a case is a matter which rests within the sound discretion of the trial court. A denial of continuance may be reviewed by us only when that discretion has been abused.

In the present case, the District Judge has not acted upon the motion for a continuance. We have no right to presume that he would have denied the motion for continuance if it had been presented to him on October 1, 1962. The

court would have been justified in granting a continuance for a reasonable time since discovery procedures had not then been completed and the court had not passed upon the motion for summary judgment.

The case has been pending since September 6, 1960. It involves complicated issues and a large sum of money. It will serve no useful purpose for us to determine whether one or more of the parties was responsible for the delay.

The stay heretofore granted is dissolved and the petition for mandamus is dismissed without prejudice to renewal, if necessary, after the motion for continuance has been acted upon by the District Court.