Gary Jose **MYERS**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 17613.

United States Court of Appeals
Eighth Circuit.

Oct. 14, 1964.

Hugh J. White, St. Louis, Mo., made argument for appellant and filed brief.

John A. Newton, Asst. U. S. Atty., St. Louis, Mo., made argument for appellee and filed brief with Richard D. Fitz-Gibbon, Jr., U. S. Atty., St. Louis, Mo.

Before MATTHES and RIDGE, Circuit Judges, and HANSON, District Judge.

PER CURIAM.

A four-count information charged Gary Jose Myers (appellant) with the

---

commission of four offenses. Counts 1 and 2 alleged that appellant had unlawfully transferred marihuana on June 1, 1963, and June 2, 1963, respectively, in violation of 26 U.S.C. § 4742(a); counts 3 and 4 alleged that appellant had unlawfully sold heroin on June 5, 1963, and June 15, 1963, in violation of 26 U.S.C. § 4705(a). A jury found appellant guilty of all four counts, and thereupon the court imposed concurrent five year sentences on counts 1 and 2 and concurrent five year sentences on counts 3 and 4 for a total of ten years. It is from this judgment of conviction that the appeal was taken.

Appellant's sole contention is that the evidence was insufficient to make a submissible case under any of the counts of the information, and that the court erred in failing to grant his motion for judgment of acquittal filed at the close of the "Government's case." After this motion was denied, appellant testified, and offered other evidence in support of his defense. However, appellant's employed counsel failed to renew his motion for judgment of acquittal at the close of the whole case, and as a general rule such failure constitutes a waiver of the motion for judgment of acquittal, and the question of the sufficiency of the evidence is not open for review on appeal. Edwards v. United States, 8 Cir., 333 F.2d 588 (1964); Gendron v. United States, 8 Cir., 295 F.2d 897, 900 (1961). Being mindful, however, that this rule is subject to the exception that plain error affecting substantial justice may be noticed on appeal, although not brought to the attention of the trial court, we have chosen to and have responsibly reviewed and considered the entire record.

From Government's evidence, the jury could find that on June 1 and again on June 2, 1963, the appellant, acting for himself, unlawfully transferred marihuana to Edwin Stamm, a Government Narcotic Agent, and on each occasion received the sum of $24.00 from Stamm; that on June 5 and again June 15, 1963, the appellant in his own behalf unlawfully sold to Stamm, heroin for which he was paid the sum of $25.00 for the June 5 sale and $44.00 for the June 15 sale. Appellant admitted that the four transactions occurred, but by his testimony he attempted to convince the jury that he obtained the illicit drugs on each of the occasions at the behest of and solely for the benefit of Stamm, that he acted in Stamm's behalf rather than his own, and in so doing purchased the marihuana and heroin from a third person with whom he was in no way associated in selling. Having failed in his efforts to convince the jury of his innocence, appellant now argues, in effect, that from the evidence it conclusively appears that his conduct in regard to the transactions was not such as to fall within the proscription of the statutes under which he was prosecuted.

In United States v. Sawyer, 3 Cir., 210 F.2d 169, (1954) the Court held that the evidence required the submission to the jury under proper instructions of the question whether the accused acted as a mere procurer or delivering agent of the illicit drug; and we can conceive of a situation where the evidence might conclusively demonstrate to reasonable minded individuals that the accused had in fact acted not for himself but solely at the behest and in behalf of the purchaser and as procuring agent, so as to require the court to enter judgment of acquittal. But this is not such a case. Here, under the evidence the question was one of fact for the jury to resolve. Here, unlike Sawyer, supra, the issue was submitted to the jury as was the issue of entrapment. The jury's verdict finds substantial and adequate support in the record, indeed the evidence of appellant's guilt is strong and convincing; the defendant was accorded a fair trial in every respect, and no rational basis exists for reversal of the judgment.

Affirmed.