**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Melvin SIMONS, Defendant-Appellant.**

**No. 15691.**

United States Court of Appeals Seventh Circuit.

Dec. 22, 1966.

Certiorari Denied April 24, 1967.

See 87 S.Ct. 1382.

William Levinscn, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Lawrence Jay Weiner, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., of counsel, for appellee.

Before SCHNACKENBERG, KILEY and FAIRCHILD, Circuit Judges.

KILEY, Circuit Judge.

Simons has appealed from his conviction by the district court without a jury on four counts of an indictment, Counts 1 and 3 of which charged unlawful sales of heroin in violation of 26 U.S.C. § 4705(a) and Counts 2 and 4 of which charged the facilitating of those alleged unlawful sales in violation of 21 U.S.C. § 174. He was sentenced to serve concurrent terms of eleven years on each count. We affirm the conviction.

A narcotics agent was introduced to Simons by a government informer on April 14, 1965. On that day and again on April 16, the agent purchased heroin from Simons. At the trial the agent testified that on each occasion he paid the money to Simons, who delivered the narcotics to him. Simons testified that the informer gave him the money and that he gave the narcotics to the informer. Simons also testified that he had known the informer for eleven years prior to April 14, 1965, that during that time the informer asked him to get narcotics for him five or six times, but that he had always refused. Simons testified that on April 14 and 16, the informer told him that he needed narcotics because he was sick and that a friend (the agent) wanted some also. Simons said he refused at first, then finally agreed.

Simons contends the evidence does not prove a violation of the facilitation of a sale under section 174, since under Henderson v. United States, 261 F.2d 909 (5th Cir. 1958), and Jackson v. United States, 311 F.2d 686 (5th Cir. 1963), it is not enough to prove that he was given funds by the agent to procure narcotics for the agent, but it must be shown further that he was associated with the seller. In Henderson, a section 174 case but not a "facilitation" case, the court, in dictum, relying upon United States v. Sawyer, 210 F.2d 169 (3rd Cir. 1954), and Adams v. United States, 220 F.2d 297 (5th Cir. 1955), stated that defendant was guilty of no offense since she did not act for herself but as subagent and conduit for the government informer.

But in Jackson the Fifth Circuit, in reference to the argument based on Henderson, Sawyer and Adams that defendant could not be held guilty because he was a mere agent of the buyer, said the argument misapprehended those decisions and referred to its decision in Coronado v. United States, 266 F.2d 719 (5th Cir. 1959), which distinguished Henderson, Adams and Sawyer where the defendant was charged with aiding the seller of narcotics, from Coronado's indictment of facilitating transportation of narcotics. The court said in Coronado that the question in Henderson, Adams and Sawyer was whether defendant acted as agent of the seller and that there was no question in Coronado whether he was the government's agent. 266 F.2d at 720.

In Sawyer the defendant was charged with unlawful sale presumably under the predecessors of 18 U.S.C. §§ 4704 & 4705, or the second clause of 21 U.S.C. § 174. The court in Sawyer thought that the jury should have been instructed that if a defendant acted for a purchaser rather than himself and accordingly purchased narcotics from a third person with whom he was not associated in sell-

ing, and thereafter delivered narcotics to the purchaser, defendant could not be convicted as a principal seller. This was proper where the offense was aiding and abetting the *act of selling* narcotics.

The Third Circuit, after its *Sawyer* decision, decided United States v. Prince, 264 F.2d 850 (3rd Cir. 1959), where defendant was convicted of facilitating a sale under 21 U.S.C. § 174. The court, relying upon *Sawyer*, held that the district court committed reversible error in refusing to give the "procuring agent" instruction. But the theory of the instruction in *Sawyer* was not suitable in *Prince*. The court in *Prince* relied also upon the Fifth Circuit *Adams* case, and United States v. Dornblut, 261 F.2d 949 (2d Cir. 1958). Adams, as *Coronado* pointed out, was convicted of selling under section 174. In *Adams* the Fifth Circuit had followed *Sawyer*. There is nothing in *Dornblut* which justifies reliance upon it in *Prince*.

Literally, the first clause of section 174 [1] covers the importation of narcotics, and the second clause the offense of, among others, the buying and selling of the imported drugs. The third clause effectually covers any other actor in the sale besides the buyer and seller. The clause does not distinguish on which side this actor works.

■ It makes no difference therefore whether the middleman, in the case before us, Simons, is acting for himself or for the buyer or the seller. If he makes the sale easier between a seller and a buyer and does so with *scienter*, he is guilty of the crime. If, in order to convict a middleman, it is necessary to prove beyond a reasonable doubt his association with the seller, it seems to us that the efficacy of the facilitation clause of section 174 is nullified. Normally the principal seller in these cases is the faceless, nameless "connection."

■ We hold that the evidence taken in the light favorable to the government is sufficient to support the finding against Simons for violation of section 174. The evidence is that the government agent was introduced to Simons by the informer and that he accepted the money from the agent and delivered the narcotics to him. He facilitated the sale between his "connection" and the agent. Since the sentences under the section 4705(a) counts are concurrent with those under section 174, we need not discuss the former counts.

Our conclusion that the defense of "procuring agent" had no place in this case with respect to the section 174 counts is in accord with the decisions in the Ninth Circuit's Bruno v. United States, 259 F.2d 8, 10 (9th Cir. 1958), and the District of Columbia Circuit's Lewis v. United States, 119 U.S.App.D.C. 145, 337 F.2d 541 (1964). The burden of the government to prove guilty knowledge is the protection afforded the innocent addict or the innocent nonaddict messenger *who might be implicated or involved in an unlawful sale* under section 174. The defense of entrapment is another safeguard.

■ We see no merit in this case in the contention that entrapment was established as a matter of law. The testimony favorable to the government shows that Simons readily entered into the transaction with the agent. Evidence of Simons' earlier narcotics convictions made the question one of fact for the trier of fact, and was a sufficient basis upon which the trier of fact could conclude that Simons was, beyond reasonable doubt, predisposed to the guilty act.

1. 21 U.S.C. § 174:
Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. * * *

Finally, Simons contends the government's failure to produce the informer raised an inference that his testimony would favor Simons. This point was waived. At the beginning of the trial, the court was told by Simons' counsel, "We are unable to obtain him [the informer] for trial. Otherwise we are ready." No continuance was sought for purpose of locating the informer, and there was no demand for information about his whereabouts so that, the original subpoena having been returned as not served, an alias subpoena could issue.

Affirmed.