**Louis Perez CERDA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21934.**

United States Court of Appeals Ninth Circuit.

March 15, 1968.

Rehearing Denied April 10, 1968.

Carl E. Stewart (argued), Hollywood, Cal., for appellant.

James E. Shekoyan (argued), Asst. U. S. Atty., William Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Criminal Division, Gabriel A. Gutierrez, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and ELY, Circuit Judges, and FOLEY,* District Judge.

PER CURIAM:

This is an appeal from a jury conviction on two counts of a three-count indictment. The appellant was found guilty under 21 U.S.C. § 174 of facilitating the sale of certain heroin and of facilitating the concealment and transportation of the same heroin. He raises three alleged errors: (1) an alleged abuse of discretion by the trial court in refusing a continuance; (2) the existence of entrapment as a matter of law; and (3) the failure to instruct on the "procuring agent" theory.

Appellant's counsel relied (and properly so) on the representations of government counsel that the government intended to produce an informer as a witness for the prosecution. Neither side subpoenaed the witness, and he disappeared prior to the trial. The trial court, considering the motion for continuance, had a hearing and read the written statement made to the government by the missing informer. The trial court then made findings to indicate (a) there was no proof the government had caused the witness' disappearance; (b) the government had made a reasonable effort to locate the missing witness, while the moving party concededly had made none; and (c) there was no proof that a reasonable continuance would have enabled the appellant to obtain the witness' presence.

The court took into consideration the fact that one continuance had already been granted (Tr. 47, l. 19), and that there was a second witness to the alleged sale who was available (Agent Heath).

■ While the trial court might well have properly granted a continuance, no abuse of that court's broad discretion has here been demonstrated. Velarde-Villareal v. United States, 354 F.2d 9 (9th Cir. 1965); Merritt-Chapman & Scott Corp. v. Kent, 309 F.2d 891 (6th Cir. 1962), cert. denied, 372 U.S. 982, 83 S.Ct. 1118, 10 L.Ed.2d 197 (1963).

As to appellant's second point, there was no proof of entrapment *as a matter of law*. The jury was properly instructed on the law of entrapment (Tr. 269–71), but, as the trier of fact, did not "buy" such a defense.

■ As to appellant's third point—the "procuring agent" theory—it is the law in this circuit that a mere "procuring agent" can be convicted of counts charging "facilitation" of possession or sale of narcotics. Vasquez v. United States, 290 F.2d 897 (9th Cir. 1961); Bruno v. United States, 259 F.2d 8 (9th Cir. 1958); accord, United States v. Simons, 374 F.2d 993 (7th Cir. 1966), cert. denied, 386 U.S. 1025, 87 S.Ct. 1382, 18 L.Ed.2d 464 (1967); Lewis v. United States, 119 U.S.App.D.C. 145, 337 F.2d 541 (1964), cert. denied, 381 U.S. 920, 85 S.Ct. 1542, 14 L.Ed.2d 440 (1965). Contra, United States v. Prince, 264 F.2d 850 (3rd Cir. 1959) (as to the charge of

* Hon. Roger D. Foley, Jr., Chief Judge, United States District Court, Las Vegas, Nevada.

facilitation of sale). Appellant was charged with facilitating both possession and sale in counts I and II. The jury was properly instructed on this issue (Tr. 271–73). The jury found appellant guilty.

Finding no error, we affirm the convictions.