UNITED STATES of America,
Plaintiff-Appellee,

v.

John R. HOSKINS, Defendant-Appellant.

No. 26901.

United States Court of Appeals,
Ninth Circuit.

July 28, 1971.

Rehearing Denied Sept. 20, 1971.

Burton Marks, Beverly Hills, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., Richard L. Laeger, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES, MERRILL, and BROWNING, Circuit Judges.

PER CURIAM:

Appellant was convicted under three counts of an indictment charging concealment and sale of cocaine in violation of 21 U.S.C. § 174 and sale of cocaine without obtaining an order form in violation of 26 U.S.C. § 4705(a). We affirm.

1. The testimony of appellant's accomplice was sufficient without more to establish appellant's knowledge that the drug had been unlawfully imported. Profitt v. United States, 316 F.2d 705, 707 (9th Cir. 1963). We find appellant's other attacks upon the sufficiency of the evidence equally unconvincing.

2. The instructions on "possession," "reasonable doubt," "common scheme or plan," and "aiding and abetting" were those usually given. We have repeatedly approved them, and we cannot agree with appellant that they were any more confusing than usual because of circumstances peculiar to this case.

3. Even if we accepted appellant's premise that a "procuring agent" instruction might have been appropriate as applied to the section 4705(a) charge, failure to give such an instruction would be harmless. "[I]t is the law in this circuit that a mere 'procuring agent' can be convicted of counts charging 'facilitation' of possession or sale of narcotics." Cerda v. United States, 391 F.2d 219, 220 (9th Cir. 1968). The section 174 counts charged facilitation of possession and sale, and the prison sentences on all counts were equal and concurrent.

4. Appellant strongly objects to remarks made by government counsel in the rebuttal phase of closing argument. These objections are well taken, but in all the circumstances we conclude that the error does not justify reversal.

Government counsel repeatedly asserted his personal belief in the accuracy of the testimony of government witnesses. This was improper, of course, and the trial judge admonished government counsel in the jury's presence when defense counsel finally objected. It seems quite clear that the offense was not deliberate, and indeed, that it was to a degree invited by similar comments in the closing argument of much more experienced defense counsel.

In addition, and potentially of much graver consequence, government counsel referred to a conversation which he had had with the informer-witness before trial. It would be grossly improper for government counsel to convey to the jury the impression that he was personally privy to evidence showing defendant's guilt in addition to that submitted to the jury. There was no suggestion here, however, that in the pre-trial interview the witness had said anything that he did not testify to at trial. And the court gave the jury the usual cautionary instruction against considering the statements of counsel as evidence.

Without in any way condoning such practices in summation to the jury, we are entirely satisfied that in this instance it would be fanciful to suppose they prejudiced the defendant.

Affirmed.