**UNITED STATES of America,**
**Appellee,**

v.

**David Paul CASTANON, Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**Antonio Oliveres LOPEZ, Appellant.**

**Nos. 26409, 26556.**

United States Court of Appeals,
Ninth Circuit.

Jan. 5, 1972.

David Marcus (argued), Los Angeles, Cal., for appellant Castanon.

Volney V. Brown, Jr. (argued), Beverly Hills, Cal., Armen Hampar, Los Angeles, Cal., for appellant Lopez.

Irving Prager, Asst. U. S. Atty., (argued), Robert L. Meyer, U. S. Atty.,

David R. Nissen, Asst. U. S. Atty. and Chief, Criminal Div., Los Angeles, Cal., for appellee.

Before KOELSCH, BROWNING and TRASK, Circuit Judges.

PER CURIAM:

Castanon and Lopez appeal from judgments of conviction on Counts I through X of an indictment charging them jointly with a conspiracy and with various substantive offenses involving heroin (21 U.S.C. § 174), including its sale without the written order form required by 26 U.S.C. § 4705(a); in addition, Castanon appeals from his conviction under an eleventh count in which he and one Lujan were separately charged with a Section 174 violation, allegedly committed several months after those specified in the earlier counts.

·None of the errors assigned has merit or possesses sufficient substance to warrant extended discussion.

■ 1. Although the constitutional validity of the "order form statute"—26 U.S.C. § 4705(a), on which Counts IV, VII and X of the indictment were laid —was perhaps fairly debatable at the time this trial was in progress, the Supreme Court shortly thereafter provided the authoritative answer to such a dispute by its holding in Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L. Ed.2d 283 (1969), that the statute did not offend a seller's rights under the Fifth Amendment.

■ 2. Similarly, the validity of the statutory presumption in 21 U.S.C. § 174 that arises on proof of possession of heroin has likewise been settled by the Court. Turner v. United States, 396 U. S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).

■■ 3. The record is replete with evidence sufficient to support the jury's implied finding that a conspiracy existed between Lopez and Castanon. This being so, the admission of evidence against one conspirator, otherwise hearsay, was not error unless, of course, that

evidence constituted the sole basis for that finding. Carbo v. United States, 314 F.2d 718, 735 (9th Cir. 1963), cert. denied, Palermo v. United States, 377 U.S. 953, 84 S.Ct. 1626, 12 L.Ed.2d 498 reh. denied Sica v. United States, 377 U.S. 1010, 84 S.Ct. 1902, 12 L.Ed.2d 1058. Our examination of the record reveals sufficient evidence, albeit circumstantial, independent of the purported hearsay, which tends to link Lopez and Castanon together in the illicit business.

■ We also note that, even if no foundation had perhaps been established at the time some of the "hearsay" evidence was admitted, the order of proof was a matter committed to the sound discretion of the trial judge [Anthony v. United States, 256 F.2d 50, 55 (9th Cir. 1958)], the necessary foundation was in fact laid and no prejudice to the appellants appears.

■ 4. Since Lopez was found guilty of the "facilitation" counts with respect to heroin and the sentences on all the first ten counts were concurrent, it is unnecessary to determine whether the trial court erred in not giving an instruction to the effect that if Lopez was acting as an agent of the government in procuring the heroin, he could not be a seller. Cerda v. United States, 391 F.2d 219 (9th Cir. 1968), cert. denied, 393 U. S. 872, 89 S.Ct. 163, 21 L.Ed.2d 142, reh. denied 393 U.S. 1008, 89 S.Ct. 490, 21 L.Ed.2d 473; United States v. Hoskins, 446 F.2d 564 (9th Cir. 1971).

■ 5. The instruction given the jury with respect to the issue of entrapment was correct and complete; the prosecution adduced considerable evidence to the effect that the criminal design originated in the minds of Lopez and Castanon and that the government did not improperly induce, coerce or persuade them to commit the crimes but simply afforded them the opportunity to do so.[1]

■ 6. The character of the offense charged in Count XI was such as to permit its joinder, pursuant to Rule 8, F.R. Crim.P., with those offenses comprising Counts I through X of the indictment.

Although the charge did not involve Lopez, its presence was potentially prejudicial to him. However, the record does not manifest the conclusion that the trial court was required, in the interests of justice, to sever that count for trial or make some other provision for its presentation separate from the others. To the contrary, it appears that the judge, in denying the motion to sever, acted well within his discretion. The evidence of Lopez's guilt of the offenses charged in Counts I through X was overwhelming; some of the evidence relevant to Count XI was also relevant to the conspiracy count to which he was a defendant [Carbo v. United States, 314 F.2d 718, 748 (9th Cir. 1963)] and, in addition, the trial judge was careful to admonish the jury not to draw any adverse inferences because of the presence of that count.

A fortiori the ruling denying Castanon's motions to sever was well within the trial judge's discretion. Even if it be granted that the proof of Castanon's complicity in the Count I through X offenses was wholly circumstantial and, in addition, that such evidence was insufficient to support findings of guilt—a concession patently unwarranted by the record—the elimination of the formal Count XI charge would not have prevented the presentation of evidence concerning that offense, since such evidence, although of another offense, was admissible and no doubt would have been admitted under the well recognized exception to the general rule, because it would have tended to establish essential elements of some of the crimes that remained.

---

1. Moreover, Castanon lacked standing to raise the issue, since there was no evidence that he ever had any direct dealings with the government agents or the informer Martinez. His dealings were all with his co-defendant Lopez. Carbajal-Portillo v. United States, 396 F.2d 944, 947–948 (9th Cir. 1968).

7. Castanon's search and seizure point was not raised in the trial court by a timely motion to suppress. "The failure to object to the admission of evidence at or before trial precludes review on the question of admissibility." Darden v. United States, 405 F.2d 1054 (9th Cir. 1969). The fact that counsel objected to the same evidence on other grounds does not leave the search and seizure question open on appeal.

Judgments affirmed.