**Louis Perez CERDA, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 72–1249.**

United States Court of Appeals, Ninth Circuit.

June 28, 1972.

---

944

Louis Perez Cerda, in pro. per.

William D. Keller, U. S. Atty., Eric A. Nobles, Paul H. Sweeney, Asst. U. S. Attys., Los Angeles, Cal., for respondent-appellee.

Before HAMLEY, DUNIWAY and WRIGHT, Circuit Judges.

PER CURIAM:

Louis Perez Cerda, serving a ten-year sentence as a result of his conviction on two federal narcotics charges, appeals from district court dismissal, without hearing, of his motion under 28 U.S.C. § 2255, to vacate sentence. A direct appeal from his conviction, and an appeal from a dismissal without hearing of an earlier section 2255 motion have previously been decided adversely to Cerda. Cerda v. United States, 391 F.2d 219 (9th Cir. 1968) ; Cerda v. United States, 424 F.2d 544 (9th Cir. 1970).

In his present appeal, Cerda asserts a violation of due process in the knowing use by the Government at trial of perjured testimony and the Government's suppression of evidence; a lack of effective assistance of counsel at his trial and on appeal, in violation of his Sixth Amendment rights; and a failure of the district court to consider him for sentencing under the Narcotic Addict Rehabilitation Act, 18 U.S.C. §§ 4251–4255.

■ The district court dismissed the instant section 2255 motion without calling for any response from the Government and without a hearing. After reviewing the record of all the proceedings in this case back to trial, we conclude that the cause should be remanded for an evidentiary hearing. Cerda presented in support of his new section 2255 motion an affidavit of the Government informant who was absent at trial. That affidavit asserts that, contrary to the suggestion of Government agents at trial, the informant who solicited the participation of Cerda in a heroin transaction was an addict who was seeking to avoid an immediate threat of prosecution and imprisonment. We think that the question of the informant's interest and motivation is one that could have affected the jury's assessment of the defendant's entrapment defense at trial. Additionally, we conclude that the district court, on remand, should permit Cerda to produce evidence in support of his contention that the Government failed to make a good faith effort to locate the informant for trial. Finally, the district court, on remand, should give consideration to appellant's sentencing contention under the Narcotic Addict Rehabilitation Act. We suggest that Cerda be provided with the assistance of appointed counsel in presenting these matters, assuming he can make or has made a sufficient in forma pauperis showing.

■ No consideration need be given to the claim of ineffective assistance of counsel. Our review of the district court's denial of a continuance sought by appellant's counsel in order to seek the production of the informant convinces us that the fact that an earlier continuance had been granted was just one of a number of reasons for the denial. Furthermore, there was no suggestion that the court did not realize that the earlier delay had been sought by the Government or that knowledge of that fact would have affected the court's desire to avoid further delay. We therefore find insubstantial any suggestion that defense counsel's failure to point out that the initiation of the earlier delay lay with the Government constituted the necessary farce or mockery of justice to make out a Sixth Amendment claim.

*See, e. g.,* Vargas v. United States, 455 F.2d 501 (9th Cir. 1972); Murgia v. United States, 448 F.2d 1275 (9th Cir. 1971).

Reversed and remanded for hearing.