UNITED STATES of America, Plaintiff-Appellee,

v.

Charlie Thomas DODSON, Defendant-Appellant.

No. 73–1433
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.
July 16, 1973.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409.

John Kirby, Atlanta, Ga., court appointed, for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., William P. Gaffney, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Charlie Thomas Dodson was indicted in one count of a four count indictment which charged that he and another, aided and abetted by each other, did unlawfully distribute about 3.46 grams of heroin hydrochloride, a schedule I narcotic drug controlled substance in violation of Title 21, United States Code, Section 841(a)(1). His conviction by a jury trial was essentially based upon the testimony of two undercover narcotics agents, the sum substance of which indicated that Dodson had actively participated in bringing about an illegal sale of heroin. Further testimony elicited upon cross examination of one of the narcotics agents, revealed that within the three days preceding the illegal sale, the agent had twice been in contact with Dodson's partner [1] in the crime. The latter revelation formed the basis of appellant's asserted defense of entrapment.

Appellant contends on appeal that (i) the Court erred in not granting motion for judgment of acquittal on the ground that entrapment had been shown to exist as a matter of law and (ii) the evidence was insufficient as a matter of law to sustain a conviction. We disagree on both points.

Entrapment as a defense occurs only when criminal conduct is the product of the creative activity of government officials or those private citizens acting under government direction. The criminal design must be implanted by them in the mind of an otherwise innocent person, creating in him the disposition to commit the crime. Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848; United States v. Groessel, 5 Cir., 1971, 440 F.2d 602. In United States v. Russell, 1973, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366, the Supreme Court recently reaffirmed the traditional view of the entrapment defense as focusing on the intent or predisposition of the defendant to commit the crime rather than on the government's role in instigating the offense. That officers or employees of the government afford opportunities for the commission of the offense does not defeat the prosecution where the accused is ready and willing to commit it. Sherman v. United States, supra; Sorrells v. United States, 1932, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; United States v. Banks, 5 Cir., 1973, 475 F.2d 1367.

That the jury could conclude that appellant displayed a ready and willing disposition to participate in the distribution is self evident. It is uncontested that Dodson associated himself with the scheme by driving the vehicle to a location where the illegal sale of heroin could be accomplished. He was seated in the car when his partner asked the undercover narcotics agent if he wanted to buy some heroin.[2]

---

1. Dodson's co-indictee, Gary Dixon, was tried separately.

2. The unconflicting testimony of the narcotics agents established that upon the ar-

Appellant's argument of "mere presence and knowledge", contended to be insufficient as a matter of law to overcome a presumption of innocence, breaks down completely in light of the undisputed testimony that in mid-completion of the illegal sale between the narcotics agents and Dodson's partner, the latter returned to the vehicle where he handed Dodson a short bundle (two glassine bags short of the standard fifteen bag-bundle comprising a half-load) in exchange for a full bundle. Clearly, this action goes far beyond mere presence at the scene of the crime. Likewise, there is no hint that appellant did not wish to associate himself fully with the distribution and sale.[3] There it ends.

Affirmed.

rival of the vehicle which Dodson was driving from 10 to 15 feet alongside of the government vehicle, it was Dodson's partner who initiated the transaction by motioning to the agents for one of them to come over.

3. Although we conclude that appellant displayed a ready and willing disposition to participate in the distribution, we would also point out that under the facts of this case appellant lacks the requisite standing to raise the issue of entrapment. The evidence clearly shows that he had no contact with the government agents and that his dealing were entirely with his co-indictee. United States v. Castanon, 9 Cir., 1972, 453 F.2d 932; Carbajal-Portillo v. United States, 9 Cir., 1968, 396 F.2d 944.