## Commonwealth v. Foster-Pegg

*Samuel F. Bonavita, District Attorney*, for Commonwealth.

*Leonard Ambrose,* for defendant.

WOLFE, *P. J.*, July 7, 1975 — Defendant has made motion for production of the identity of an informant and a request for an evidentiary hearing to learn of the informant's identity. For the following reasons we deny both.

First, this court held an extensive evidentiary hearing on defendant's motion to suppress marihuana seized from the trunk of his vehicle at which time the court heard all of the facts surrounding the circumstances of defendant's arrest and the seizure of the marihuana. Indeed, defense counsel agrees there would be no new issues raised but argues his line of interrogation directed to the undercover agents who were involved in the sale of marihuana to defendant would be different and slanted to determine whether or not defendant was subjected to entrapment. On this basis and relying upon Roviaro v. United States, 353 U.S. 53, 77 S. Ct. 623 (1957); Commonwealth v. Carter, 427 Pa. 53, 233 A. 2d 284 (1967); and Commonwealth v. Pritchett, 225 Pa. Superior Ct. 401, 312 A. 2d 434 (1973), defendant alleges the disclosure of an informant's identity must be made prior to trial in order for him to prepare his case and receive the effective assistance of counsel.

Commonwealth v. Pritchett, supra, does not overrule Commonwealth v. Carter as defendant argues but rather parallels Carter and Roviaro, the court stating:

"Yet neither Roviaro nor Carter suggests that immediate presence is a sine qua non to disclosure. Rather each case adopts a balancing test that re-

jects any fixed rule such as the Commonwealth urges upon us: . . . Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege [of nondisclosure held by the prosecution] must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the case . . .

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors . . ."

At a prior suppression hearing, we heard the surrounding facts concerning the arrest of defendant and the search and seizure of marihuana in the trunk of his vehicle and the arrest of three defendants who were with defendant at the time of his arrest. The Commonwealth acknowledges the informant was present at the time of defendant's arrest.

We can find no unusual circumstances in the facts of this case that would require the court to tip the balance of the scales in favor of defendant and, therefore, mandate disclosure. Entrapment exists, as stated in Sorrells v. United States, 287 U.S. 435,

53 S. Ct. 210 (1932), and as cited in United States v. Sawyer, 210 F. 2d 169 (1954):

" 'When the criminal design originates, not with the accused, but is conceived in the mind of the government officers, and the accused is by persuasion, deceitful representation, or inducement lured into the commission of a criminal act, the government is estopped by sound public policy from prosecution therefor.' "

In our opinion, counsel for defendant would have legal knowledge if any facts existed to fit this definition of entrapment to raise it as a defense at the time of trial, and we are of the opinion the disclosure of the informant would not assist defendant or his counsel in formulating whether or not to raise the question of defense of entrapment prior to trial. Certainly, defendant knows in his own mind if he were induced or enticed to commit a crime he would not otherwise commit, and we fail to see how the disclosure of identity of an unknown informant would change his opinion. We can see no unfairness to the defense in nondisclosure at this time for the reason he advances.

For the foregoing reasons we enter the following

## ORDER

And now, July 7, 1975, the motion of defense for production of identity of the informant and request for evidentiary hearing thereon is denied.

Exceptions to the defense.