# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3479

_____

United States of America,          *
                               *

        Appellee,          *

                               *      Appeal from the United States

     v.                      *      District Court for the

                               *      Eastern District of Missouri.

Steven Parchmon,         *

                               *          [UNPUBLISHED]

        Appellant.       *

_____

Submitted: April 10, 2001

Filed: July 11, 2001

_____

Before HANSEN and BYE, Circuit Judges, and MELLOY,[1] District Judge.

_____

PER CURIAM.

On January 3, 2000, Police Officer Thomas Kranz was patrolling a St. Louis neighborhood as part of a narcotics investigation. He saw Steven Parchmon, whom he knew, walking down the street. Kranz exited the patrol car and approached Parchmon. Parchmon ran. Kranz chased after him and observed Parchmon toss something in the air. Kranz caught up with Parchmon, placed him in handcuffs, and retrieved three

_____

[1]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa, sitting by designation.

baggies from the ground. The baggies contained a white substance that tested positive for cocaine base. Parchmon was arrested and tried for one count of possession with intent to distribute over fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). A jury found him guilty, and the district court[2] entered judgment against him. He was sentenced to 121 months of imprisonment. On appeal, Parchmon challenges the sufficiency of the evidence.

Parchmon failed to renew his motion for judgment of acquittal at the close of all the evidence, and therefore, his sufficiency argument is reviewed for plain error. See Myers v. United States, 337 F.2d 22, 23 (8th Cir. 1964). We view the evidence in the light most favorable to the government. We will overturn the verdict only if, so viewing the evidence, a reasonable fact finder had some reasonable doubt as to any of the essential elements of the crime. United States v. Johnson, 18 F.3d 641, 645-46 (8th Cir. 1994) (citation omitted).

Proof of actual or constructive possession is necessary to support a conviction for 21 U.S.C. § 841(a)(1). Parchmon asserts that it was unreasonable for the jury to conclude that the three baggies found on the ground had been in his dominion and control so that he could have been deemed to possess them. We disagree. Officer Kranz testified that he saw Parchmon throw something in the air and moments later he saw the baggies fall to the ground. It was not unreasonable for the jury to believe the testimony of Officer Kranz and to find that Parchmon had possessed the baggies of cocaine base prior to tossing them in the air, nor was it unreasonable for the jury to find Parchmon's version of events, that he was attempting to outrun a possible assailant, implausible.

Consequently, we affirm the judgment of the district court.

---

[2]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.