Gilberto **LOPEZ**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 25287.

United States Court of Appeals
Fifth Circuit.

Jan. 29, 1969.

**904**

David Hume, Eagle Pass, Tex., for appellant.

Ernest Morgan, U. S. Atty., Ted Butler, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before THORNBERRY and SIMPSON, Circuit Judges, and CASSIBRY, District Judge.

PER CURIAM:

Appellant, upon his conviction under each count of a four-count information charging unlawful sale and delivery of d-Amphetamine sulfate tablets [1], a depressant or stimulant drug, within the meaning of 21 U.S.C. § 321(v) (2), in violation of Title 21, U.S.C. Section 331 (q) (2)[2], was sentenced under Count One to twelve months imprisonment with five months to serve and the remainder suspended with probation for a period of five years. Under each of Counts Two,

Three and Four he received twelve months suspended sentence with five years probation, concurrent with Count One and with each other. This appeal is from the conviction and the denial of motion for new trial. We affirm.

█ The defense was based upon claimed entrapment, and the issue was submitted to the jury under appropriate instruction in this regard. We reject appellant's claim that he was entitled to judgment of acquittal on the basis of unlawful entrapment. The trial judge did not err in submitting the issue to the jury. See Accardi v. United States, 5 Cir. 1958, 257 F.2d 168, 171, citing Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932).

█ Equally without merit is appellant's objection to the failure of the trial court to include in its charge any reference to the circumstances surrounding the arrest of the appellant in Kansas City, Missouri, on a date subsequent to the dates alleged in the four counts of the information. Appellant contends that since the circumstances of the Kansas City arrest are stronger as to entrapment, he was entitled to have the jury consider these matters in passing on his defense of unlawful entrapment. No objection in this respect was made to the court's charge.[3] The circumstances of the Kansas City arrest have no relevance to the circumstances surrounding the four prior offenses which were made the basis of the four counts of the information. Invocation of the plain error rule [4] is clearly unjustified in the situation here presented.

---

1. Usually referred to in this record under the trade name of dexedrine.

2. The four counts were identical except as to the dates of the offenses. Count One is typical: "On or about June 10, 1966, within the Del Rio Division of the Western District of Texas, Gilberto Lopez did unlawfully sell and deliver to Agent John E. Walsh a number of d-Amphetamine sulfate tablets, a depressant or stimulant drug, within the meaning of 21 USC 321(v) (2); in viola-

tion of Title 21, United States Code, Section 331(q) (2)."

3. Rule 30, Federal Rules of Criminal Procedure. There is no basis here for application of the principle that we may "consider an error in the charge which is seriously prejudicial or amounts to a grave miscarriage of justice even though no objection was made in the trial court." 4 Barron & Holtzoff, Federal Practice & Procedure 251 (Wright ed.).

4. Rule 52(b), Federal Rules of Criminal Procedure.

■ We fail to find merit in any of the appellant's several remaining contentions with respect to the court's charge. As to each of them Rule 30, F.R.Crim.P. again applies. He seems to urge that the jury was confused by the court's first charging them that intent was not an essential element of the offenses in question and then charging them that entrapment would not be a defense if they felt that the evidence beyond a reasonable doubt showed the requisite predisposition to commit the offenses when the opportunity was presented. We think, however, that the charge when read in its entirety demonstrates that there should have been no confusion.

The appellant also objects to the language of the charge which the court gave on entrapment. We find it substantially similar to the charge approved by this Court in Jasso v. United States, 5 Cir. 1961, 290 F.2d 671, 673–674, and hence an appropriate instruction.

■ Appellant requested and was denied a charge that the jury in considering appellant's predisposition to commit the offenses should consider (1) ignorance of the law, and (2) the defendant's mental condition at the time of the inducement. The crux of his argument appears to be that this charge would have encouraged the jury in its consideration of predisposition to give more attention to appellant's testimony that he did not know he was breaking the law, that he had only a third grade education, and that he was unable to speak English. These charges were properly refused.

■ Appellant also contends that the court did not establish in the charge "the appropriate quantum of proof required for appellant's defense", and that the court should have "explained to the jury that the burden was met by proof by a preponderance of the evidence".

The court's charge appears to have required an even stiffer burden of proof on the prosecution than that urged by the appellant's point of error. The court's charge seems to require that the jury find the necessary predisposition *beyond a reasonable doubt*. Error in this respect is harmless error under Rule 52(a), F.R.Crim.P.

■ Finally, the appellant urges that it was error for the court to deny his motion for new trial on the basis of newly discovered evidence. In substance, this consisted of affidavits of two of the four persons named by the government agent as recommending the appellant as a source of supply for the dexedrine tablets. It is not clear whether or not the Cisneros, who furnished an affidavit, is the same Cisneros as the one referred to by Agent Walsh. Again, Walsh may have misunderstood the name given and confused it with some other Latin name prevalent along the Mexican-Texas border.[5] Walsh testified that he had received the same information from at least two other sources: an unidentified cab driver and a person identified as Newman. It is impossible to anticipate a different result upon a new trial since the requirement of reasonable suspicion would still be met by Walsh's testimony concerning his other informants and the requirement of disposition to commit the offenses would still be met by appellant's willing compliance with the request for dexedrine. We hold that the claimed new evidence was clearly insufficient to raise the possibility, much less the likelihood, of an acquittal on the grounds of entrapment. It was not error for the trial judge to deny the motion for new trial.

The appellant has failed to demonstrate error in the proceedings against him in the court below. Its judgment is

Affirmed.

---

5. The offenses are alleged to have occurred at Eagle Pass, Texas, in the Western District of Texas. The trial took place at Del Rio in the same district.