**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph Edward FINSTAD, Defendant-Appellant.**

No. 73–1114

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 14, 1973.

Rehearing Denied June 4, 1973.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Barry L. Garber, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Harold F. Keefe, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

On a trial to the Court, without the intervention of a jury, Joseph Edward Finstad was convicted of the unlawful possession, with intent to distribute, 2.02 grams of heroin, 21 U.S.C. § 841(a)(1). We affirm.

The conviction is attacked upon the usual grounds: (1) there was no probable cause for the arrest and search of the appellant; (2) the evidence was insufficient to support the conviction.

Finstad fell into the pit in the following manner. Special Agent Nesmith purchased heroin in Atlanta, Georgia, during the months of January and February, 1972, from one Corrochano. At 6 p. m., February 25, 1972, in Miami, Nesmith called Corrochano, also then in Miami, who stated that he would call back as soon as he had received some heroin.

Thirty minutes later, Special Agent Walde saw Finstad drive up to Corrochano's residence. Finstad met with Corrochano at the rear of Corrochano's automobile, which had the trunk open. Corrochano was then followed to the motel where Special Agent Nesmith was quartered. Enroute, Corrochano called Nesmith to advise that he now had the heroin. At 7:10 Corrochano arrived at the motel, told Nesmith that he had the heroin in the car, left the room, and shortly returned with the prohibited substance. Corrochano was then arrested. He soon stated that he had received the heroin from Finstad in front of his residence. Without obtaining an arrest warrant, the Agents then went to Finstad's home and arrested him. He was then taken to the Bureau of Narcotics office, where a search produced the heroin which became the subject of this prose-

cution and which the appellant unsuccessfully moved to suppress.

We are of the opinion that the arrest was valid for the reasons that the Agents had certainly seen enough to support a reasonable belief that Finstad had distributed the heroin to Corrochano, United States v. Wysocki, 5 Cir., 1972, 457 F.2d 1155.

As to the sufficiency of the evidence, Finstad argues that the proof was insufficient to show beyond a reasonable doubt that he did not have the heroin for his own personal use. We reject this argument for the reason that the jury could properly infer from all of the circumstances that Finstad indeed had distributed heroin to Corrochano and the amount on his person when arrested was held for a similar purpose.

The judgment of the District Court is Affirmed.