493 F.2d 487
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Willis KING and Charles Higgins, Defendants-Appellants.
No. 74-1172 Summary Calendar.*
*Rule 18, 5 cir., Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 May 2, 1974.
 
 John A. Brady, Jack Q. Neal, Fort Worth, Tex., for James Willis King.
 Wm. R. Magnussen, Fort Worth, tex. (Court-appointed), for Charles Higgins.
 Frank McCown, U.S. Atty., W. E. Smith, Asst. U.S. Atty., Fort Worth, Tex., for plaintiff-appellee.
 Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit judges.
 PER CURIAM:
 
 
 1
 Appellants King and Higgins were convicted of possession of heroin with intent to distribute in violation of 21 U.S.C. 841(a)(1). The first asserted error is that the heroin was discovered during a search incident to an illegal arrest and should therefore not have been admitted in evidence. Since the heroin was found in a search of King's person, there can be no doubt that, if the arrest itself was legal, the search was proper. United States v. Robinson, 1973, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427; Gustafson v. Florida, 1973, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456. The arrest was fully supported by probable cause to believe that King and Higgins were in possession of heroin, in view of the agents' knowledge of the negotiations for the purchase between the informer and the appellants, their surveillance of the appellants, and the informer's tip that the appellants were coming to her motel room to make the sale. In view of the fact that the informer learned the exact time and place of the sale only 35-45 minutes before it was to occur, we think the agents were not amiss in failing to secure a warrant for the arrest. Probable cause to believe that the appellants were actually in possession of heroin did not exist until the informer passed on this crucial bit of information, and by then time was too short to secure arrest warrants. Therefore, the arrest was valid. United States v. Finstad, 5 Cir. 1973, 478 F.2d 840; United States v. Wysocki, 5 Cir. 1972, 457 F.2d 1155.
 
 
 2
 Higgins next objects that the evidence was insufficient to support his conviction. However, in view of his presence during several conversations regarding the sale, his apparent attempt to discover if he was under surveillance and to evade that surveillance, and his apparent attempt to get away from the scene of the arrest, the jury could properly have inferred knowledge of and participation in the illegal transaction. The evidence was sufficient to support Higgins' conviction either as a co-principal or, since the proper instructions were given, as an aider and abettor under 18 U.S.C. 2(a). Pereira v. United States, 1954, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435; Jasso v. United States, 5 Cir. 1961, 290 F.2d 671; United States v. Bullock, 5 Cir. 1971, 451 F.2d 884.
 
 
 3
 Affirmed.